326 So.2d 486 (1976)
Alfred GONZALES et ux., Mary Gonzales
v.
WINN-DIXIE LOUISIANA, INC. and Continental Insurance Companies, Inc.
No. 56132.
Supreme Court of Louisiana.
January 19, 1976.
Dissenting Opinion February 20, 1976.
*487 Darleen M. Jacobs, New Orleans, for plaintiffs-applicants.
Robert E. Peyton, W. K. Christovich, Christovich & Kearney, New Orleans, for defendants-respondents.
Chris J. Roy, Chairman of Amicus Curiae Committee, Louisiana Trial Lawyers Assn., Alexandria, C. T. Williams, Jr., Dillon & Williams, New Orleans, Rene A. Curry, Jr., Drury, Lozes & Curry, New Orleans, Paul B. Deal, Lemle, Kelleher, Kohlmeyer & Matthews, New Orleans, for amicus curiae.
SANDERS, Chief Justice.
The plaintiffs, Mr. and Mrs. Alfred Gonzales, brought suit against Winn-Dixie Louisiana, Inc., the operator of a self-service grocery store, and its liability insurer for damages sustained as a result of a fall by Mrs. Gonzales while shopping in the store. The trial court rendered judgment in favor of the store patron and her husband. Winn-Dixie and its insurer appealed, and the Court of Appeal reversed. La.App., 309 So.2d 697 (1975). On plaintiffs' application, we granted certiorari to review the judgment of the Court of Appeal. La., 310 So.2d 849 (1975).
About noon on November 2, 1968, while pushing a grocery cart in the aisle of the self-service grocery store, Mrs. Gonzales slipped and fell on a spill of olive oil about two feet in diameter. A broken bottle of olive oil was lying near the spill; the shelf where olive oil was displayed was about three feet away. Mrs. Gonzales did not cause the bottle of olive oil to fall; nor did she have any olive oil in her cart. She was pushing her cart in the middle of the aisle, looking at the merchandise on display. After her fall, she reported the incident to a store employee.
Only one witness, the afternoon store manager, testified concerning the removal of foreign substances from the floor. He testified that he arrived at the store for work about 1 o'clock p. m., shortly after Mrs. Gonzales reported her fall. The cleanup procedures established by the management were as follows: The employees cleaned up the store each evening at closing time; the manager on duty made an inspection each morning at opening, normally between 8:00 and 8:30 a. m.; the afternoon manager made an inspection when he came on duty between 12:00 and 1:00 p. m. A third inspection was made at 5:00 p. m. The employees were generally instructed to watch for broken items and to remove them from the floor. The store also employed a "cleanup man."
Although the afternoon store manager was scheduled under these procedures to make an inspection between 12:00 and 1:00 p. m., he had not begun his inspection at the time of the fall. The morning inspection was the only regular inspection scheduled prior to plaintiff's fall. There is no evidence that the inspection was actually conducted.
The plaintiff was unable to offer adequate evidence to show how the bottle of olive oil fell or how long the olive oil had been on the floor. Although there was some testimony that the oil was greenish in color, no one testified as to the significance of the color.
Plaintiffs contend that it is only necessary that they prove that Mrs. Gonzales slipped and fell through no fault of her *488 own on a foreign substance on the floor and that the store owner must then exculpate itself from negligence. Defendants contend that plaintiff has the burden of proving either actual knowledge that the olive oil was on the floor or that the oil was on the floor for a period of time sufficient to charge the defendant with constructive knowledge of the existence of the hazard. Defendants contend that, in the absence of such proof, the reasonableness of their cleanup procedures is not an issue.
The action is based on Article 2315 of the Louisiana Civil Code. It provides in pertinent part:
"Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."
Under this article, the elements of a cause of action are fault, causation, and damage. Eschete v. City of New Orleans, 258 La. 134, 245 So.2d 383 (1971). The term fault includes but is not restricted to negligence. LSA-C.C. Art. 2316. Negligence is the prime issue in the present case.[1]
The duty of a store owner to protect his customers from foreign substances on the floor is one of reasonable care under the circumstances. Reasonable protective measures, including periodic inspections, must be taken to keep the aisles and floors free of substances or objects that may cause customers to fall. Kavlich v. Kramer, La., 315 So.2d 282 (1975); Tripkovich v. Winn-Dixie of Louisiana, Inc., La.App., 284 So.2d 80 (1973); Fontanille v. Winn-Dixie Louisiana, Inc., La.App. 260 So.2d 71 (1972); cert. denied, 261 La. 1064, 262 So.2d 44 (1972); Prosser, Law of Torts, § 61, pp. 392-393 (4th ed. 1971). The circumstances that determine the reasonableness of protective measures include the type and volume of merchandise, the type of display, the floor space utilized for customer service, the nature of customer service, and the volume of business. As we recently noted, the self-service grocery system requires customers to focus their attention on the shelves and to handle merchandise. The system increases the risk of harm from objects dropped on the floor by customers and, correspondingly, the duty to minimize the risk by frequent inspections and cleanups. See Kavlich v. Kramer, supra; Prosser, Law of Torts, § 56 p. 349 (4th ed. 1971).
In the instant case, plaintiffs established that there was a spill of olive oil about two feet in diameter in the aisle where Mrs. Gonzales was shopping; that the oil came from a broken bottle near the olive oil shelf; that she did not see the oil spill; that she stepped into the olive oil; and that it caused her to slip, fall, and be injured.
Upon proof of such facts, we recently held in Kavlich v. Kramer, supra, that the duty of going forward with the evidence to exculpate the store employees from negligence shifts to the store owner. When it appears that a third person dropped the foreign substance, the store owner must establish that periodic inspections made and other protective measures taken were reasonable. Implicit in the decision is a recognition that, in the self-service system, customers are prone to drop objects on the floor and that a customer who slips and falls on such an object is usually in no position to establish how long it has been on the floor.
The Court of Appeal decided this case before our decision in Kavlich. However, both the majority and dissenting opinions in the Court of Appeal referred to the onerous evidentiary burden placed upon the injured customer and to the desirability of a reconsideration of the applicable principles.
*489 In placing the duty of going forward with the evidence on the store owner, Kavlich announced no rule that the store owner insures a customer's safety. Under Article 2315 of the Louisiana Civil Code, fault is basic to recovery. If the evidence brought forward establishes that the store owner is free from fault, there can be no liability.
Neither do we hold the doctrine of res ipsa loquitur necessarily applicable to a slip-and-fall injury in a self-service grocery store. Res ipsa loquitur is a rule of circumstantial evidence. It normally comes into play only at the conclusion of the trial. The rule applies in any negligence action when the circumstances suggest the defendant's negligence as the most plausible explanation for the injury. See Boudreaux v. American Insurance Company, 262 La. 721, 264 So.2d 621 (1972); King v. King, 253 La. 270, 217 So.2d 395 (1968); Malone, Res Ipsa Loquitur and Proof by Inference, 4 La.L.Rev. 70 (1941).
In the present case, the defendants' evidence was minimal. The defendants offered no evidence to show that an employee did not drop the oil. Because he was not on duty at the time of the fall, the afternoon manager testified only as to general managerial procedures. He was unable to testify that the morning inspection had actually been conducted. His own inspection, as we have noted, had not yet been made at the time of the plaintiff's fall. Neither the morning manager nor other employees were called to establish the protective measures actually taken during the morning. In our opinion, the store owner has failed to exculpate itself from negligence.
We recognize, of course, that in order to serve as a basis for liability, the defendant's conduct must be causally related to plaintiff's injury. Proof of causation in civil cases, however, requires only a preponderance of the evidence. Jordan v. Travelers Insurance Co., 257 La. 995, 245 So.2d 151 (1971).
In the present case, the oil spill was quite large; the broken bottle was nearby. On the record, we can reasonably infer that if adequate inspections had been made, the employees would have discovered the spill and removed the oil. In our opinion, the fall would not have occurred if the oil had been removed. Thus, causation is adequately established. See Dixie Drive It Yourself Sys. v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962).
Although defendants pleaded contributory negligence, we find no basis for sustaining the plea. At the time of the fall, the plaintiff was pushing a grocery cart, which obstructed her view of the floor. The record clearly shows that she did not see the oil spill until after she fell.
The trial judge rendered a judgment in favor of Mrs. Gonzales for $2,500.00 as general damages and in favor of her husband for $386.48 as medical expenses. No issue as to quantum was raised either in the Court of Appeal or in this Court. On the medical testimony, the award appears to be within the discretion accorded to the trial judge. LSA-C.C. Art. 1934(3); Miller v. Thomas, 258 La. 285, 246 So.2d 16 (1971).
For the reasons assigned, the judgment of the Court of Appeal is reversed and the judgment of the district court is reinstated and made the judgment of this Court. All costs are assessed against defendants.
SUMMERS, J., dissents and will assign reasons.
DIXON, J., concurs with reasons.
DIXON, Justice (concurring).
I concur, being of the opinion that it is not unreasonable to require a self-service *490 grocery to take whatever measures that are necessary to keep its aisles clear of such slippery substances as olive oil, and that failure to do so is fault.
SUMMERS, Justice (dissenting).
The facts on the store's clean-up and inspection procedures as contained in the record and as summarized in the opinion of the Court of Appeal convince me that the defendant has adequately discharged the duty of reasonable care imposed upon it by law to protect its customers.
The facts:
"The only evidence of cleanup procedures is the testimony of the store manager Mr. Federico, who testified that he had come on duty that day at approximately 1:00 p.m., shortly after Mrs. Bedford got the report of the accident; that cleanup procedures at the store included a complete sweeping and mopping from one end of the store to the other each evening before closing; that on each morning whichever manager opens the store conducts an inspection to be sure that there are no hazards on the floor; that this inspection, normally made between 8:00 and 8:30 a.m., is followed by a second such inspection normally made after a shift change in managers between 12:00 and 1:00 p.m., and a third such inspection at approximately 5:00 p.m.; that at the time of plaintiff's accident at about noon the manager had not yet made his inspection so that the only regular inspection prior to the accident was to have been between 8:00 and 8:30 a. m.; that he is constantly on the floor looking for hazards; that all of the employees are instructed to keep their eyes open for broken items with further instructions to clean up anything that may be on the floor; and that there is one fulltime man designated to clean up during the day." (emphasis added).
I do not subscribe to the rule adopted in Kavlich v. Kramer, 315 So.2d 282 (La.1975) and restated in the case at bar. Until these decisions, Louisiana law was well-settled that a plaintiff in such a slip and fall accident bore the burden of proving that the negligence of the defendant was the proximate cause of the injury complained of.
By this decision and Kavlich v. Kramer this Court takes another departure from the fundamental principles of tort liability by holding a proprietor of a store liable for accidental injury to a customer without proof of negligence based upon some act of commission or omission.
If it be conceded that plaintiff was injured by a slip and fall on the olive oil, there is no proof that her accident was caused by the fault of defendant or any of its employees. We do not know how long the olive oil was on the floor before plaintiff slipped and fell, nor do we know how it got there. It may have been dropped by plaintiff or another customer almost immediately prior to the slip and fall. It is also possible that it may have remained there several hours, long enough to create presumptive notice of its presence so that the failure to remove it was negligence on the part of the store owner for which this plaintiff should recover. But there is no proof of any of these facts. The mere presence of the olive oil on the floor, without more, should not be enough to cast upon the defendant the burden of showing how it got there, so long as it exercised reasonable care to keep the premises in a safe condition.
While stating that a store owner is not the insurer of the safety of its customers, the Court announces a rule which does just that. Without proof of any fault on its part, the store must respond in damages. This decision heralds another departure from the traditional concept of tort liability in Louisiana in derogation of the principle embodied in Article 2315 of the Civil Code.
I would affirm the decree of the Court of Appeal.
NOTES
[1] Different principles apply when an injury is caused by a vice or defect in the building itself, as distinguished from a foreign substance on the floor. See LSA-C.C. Arts. 2322, 2695.