LEMMON, Judge.
In this slip and fall case plaintiffs, Clarence Walker and Chiquitta Toliver (Walker’s niece appearing through her natural tutrix), have appealed from a judgment dismissing their suit after a trial on the merits. The principal issue on appeal is whether plaintiffs proved the occurrence of the accident upon which this suit is based.[1]
I
Walker testified: While pushing his infant niece in a shopping basket in a department store, he slipped in a puddle of shaving lotion and fell backwards to the floor. The basket kept going, out of control. The accumulation of liquid was in the aisle, coming from beneath a low display table located between two check-out counters. The right side of his pants and his shirt were wet after the fall.
In support of this version Walker offered the testimony of Falcon Lee, who was standing at the check-out counter, about six feet from the spot where Walker fell. Lee stated he heard a crash (probably the basket which hit a display case) but did not see Walker fall. He went over to assist Walker and noticed a puddle of clear liquid near Walker’s feet. He described the puddle as having a streak through it and having the appearance of drying up at the edges.
Walker’s mother and sister, who were walking in the aisle behind Walker, verified the streak and the drying appearance. The sister also stated she saw someone pick up a container from under the display table after the accident.
Defendant’s cashier supervisor, the first employee on the scene, didn’t see or smell anything until she returned from calling for assistance, when she saw the puddle and also saw on the side of the display table an unopened box containing a broken bottle of shaving lotion. She estimated the size of *940 the puddle at about six inches in diameter, located next to the box, and she described the puddle as “undisturbed”, with no streaks or heel marks. She also noted that • the puddle was on the other side of the display table from the place where Walker slipped.
The security guard stated the puddle, which he estimated to be 12 to 18 inches in diameter, half of which was under the table, was “undisturbed”. He described the location as “opposite from where he fell”, explaining that the puddle was in front of the display table and Walker was on the side and that Walker would have had to slip and turn around the corner of the table before falling in the position in which he was found.
The guard pointed out to the assistant personnel manager that the soles of Walker’s shoes were dry, and the cashier supervisor had. earlier rioted this fact.
II
The decision in Gonzales v. Winn-Dixie Louisiana, Inc., 326 So.2d 486 (La.1976), held that evidence in slip and fall cases as to the absence or insufficiency of inspection procedures is relevant to the issue of the storekeeper’s responsibility for foreign substances on the floor, since such evidence bears on the degree of probability that the storekeeper’s failure to discover and correct hazardous conditions contributed to the causation of the accident. However, such evidence is ultimately unimportant if a plaintiff fails to prove that he fell and was injured because of a hazardous condition on the premises.
In the present case there was considerable evidence that Walker fell and was injured because of shaving lotion on the floor.[2] On the other hand, there were considerable circumstances indicating that Walker did not fall or that he fell for some reason other than the puddle of liquid on the floor. Therefore, there was evidence before the trial judge which furnished a reasonable factual basis for his apparent conclusion that Walker did not fall because of a hazardous condition on the premises. A reviewing court should not disturb a trial judge’s or jury’s reasonable evaluations of credibility or reasonable inferences of fact, even if a contrary inference from other evidence is equally reasonable. Canter v. Koehring Co., 283 So.2d 716 (La.1973). Applying these principles of appellate review of fact, we decline to disturb the judgment below.
The judgment is affirmed.

AFFIRMED.

. At the conclusion of the evidence the trial judge announced his finding that the storekeeper’s inspection procedures were inadequate, but he took the case under advisement to consider “whether or not the accident happened”, The judge thereafter rendered the judgment of dismissal without assigning reasons,

. In addition to the testimonial proof of the fall, the medical officer reported finding a small swelling over the posterior aspect of Walker’s head and several discolored areas of the infant’s body,