SAMUEL, Judge
(dissenting).
I must disagree with the basic holding of the majority, that “While the record does support the conclusion that the defendant had established a system of cleanup procedures, it is devoid of evidence from which to conclude that the scheduled cleanup or inspection procedures were in fact carried out.” Instead of being “devoid” of such evidence, the record actually contains abundant evidence showing that scheduled, and clearly adequate, cleanup or inspection procedures (the majority does not question the adequacy of the procedures) were in fact being carried out at the time the accident occurred. That evidence, which is correctly stated in detail in the majority opinion, i.e., the testimony of the assistant store manager, the porter supervisor, and the porter on duty in the area of the fall, is totally uncon-tradicted and is not questioned by the trial court.
Both of the latest Supreme Court cases on the subject, Gonzales v. Winn-Dixie Louisiana, Inc., La., 326 So.2d 486, and Kavlich v. Kramer, La., 315 So.2d 282, hold that a store owes a duty of reasonable care under the circumstances to protect its customers from foreign objects or substances on its floors; reasonable protective measures, including adequate periodic inspections, must *1167 be taken by the store to keep its aisles and floors free of objects or substances which may cause customers to fall; and if the evidence brought forward by the store establishes that such reasonable protective measures were being taken at the time of the accident, the store is free from fault and cannot be held liable.
The conclusion here reached by the majority makes a mockery of this rule. I know of no requirement that the defendant store prove its use of reasonable protective measures beyond the proof required in any other civil ease, i.e., by a preponderance of the acceptable evidence. As stated above, the present defendant has met that burden and I wonder what kind or amount of proof the majority would require.
Nor can I agree with the apparently alternative basis for liability as expressed in the next-to-last paragraph of the majority opinion, that the two porters on duty in the area where plaintiff fell should have seen the spill of ice cream “which was obviously discoverable by them.”
In the first place, this conclusion ignores the fundamental question implicit in this type of slip and fall, which is: For what length of time had the ice cream been on the floor? Obviously, if it had been on the floor for a sufficiently long time as to be discoverable by adequate, regular and periodic inspections, its non-discovery and non-removal would result in liability on the part of the store. Equally obviously, if the accident occurred immediately or very shortly after the ice cream had fallen to the floor, no amount of reasonable inspection or cleanup procedures could be expected to result in its discovery and removal by store employees and under these circumstances there would be no such liability. Here the majority opinion states, as I believe it must in order to be correct, that there is no way of determining the length of time the ice cream was on the floor.
In the second place, if the ice cream was so obviously discoverable, why wasn’t the plaintiff guilty of contributory negligence in failing to see that substance at the time of her fall? She was certainly under a duty to observe where she was walking, and she was not in an area where objects offered for sale were present upon shelves of various sizes and heights so as to cause her to focus her attention on those objects; in fact, she was not concerned with the purchase of anything other than the roasted nuts; with that single exception, she had completed her shopping.
As I would render judgment in favor of the defendant and dismiss plaintiff’s suit, I respectfully dissent.