SCHOTT, Judge
(concurring in the denial of the application for rehearing).
In its application for rehearing defendant has taken sharp issue with the statement contained in the majority opinion that the record “is devoid of evidence from which to conclude that the scheduled cleanup or inspection procedures were in fact carried out.” Having re-examined the record, I agree with defendant that the statement complained of is not entirely accurate since there was, indeed, some evidence that the inspection procedures discussed in the opinion were in fact carried out. However, in my opinion such evidence was not sufficient to warrant a reversal of the judgment of the trial court in the light of the recent jurisprudence controlling slip and fall cases in self-service supermarkets.
In the first place, the trial court made a finding of fact that the ice cream was on the floor long enough for it to melt, and while he made this finding in the context of the then prevailing jurisprudence that the burden was on the plaintiff to establish how long the foreign substance was on the floor before the burden shifted to the defendant to exculpate itself from negligence, the only change in the jurisprudence is that plaintiff is relieved of this burden in the first instance and a mere showing that a foreign substance is on the floor places the burden of proof on the defendant to exculpate it *1168 self from negligence, irrespective of the length of time the foreign substance has been on the floor.
Thus, we have in the instant cases a gratuitous finding by the trial court that this substance was on the floor for some time from which I would conclude that defendant is liable based upon Gonzales v. Winn-Dixie Louisiana, Inc., 326 So.2d 486 (La.1976) and Kavlich v. Kramer, 315 So.2d 282 (La.1975).
Although the Court in the Gonzales case specifically declined to adopt a rule that the storeowner insures the customer’s safety it is arguable that the effect of the case is to adopt that rule. Surely, it made the defendant liable even if the spill of olive oil occurred only moments before plaintiff slipped and fell on the substance. See dissent of Justice Summers, 326 So.2d 490. The case seems to eliminate entirely the significance of the time frame in which a substance remains on the floor and makes unimportant in deciding the case whether the location of the accident in the store was inspected five minutes or five hours prior to the substance getting on the floor. The only way a defendant can exculpate itself from liability under the Gonzales decision is to prove that the substance got on the floor only a moment before the fall so that it was physically impossible for defendant to detect and/or remove the substance and thereby prevent the accident. Only to that extent can it be said that the storeowner is not the insurer of the customer’s safety.
In the instant case there is no evidence that this particular spot where the spill of ice cream was located had been checked only a few moments before the fall. On the contrary, the trial judge’s findings indicate that it was there for a longer period of time than just a few moments. Under these circumstances Gonzales would not warrant a reversal.
Kavlich supports an affirmation even more so. There the court acknowledged evidence of cleanup procedures which required a cleanup of the area where plaintiff fell just two hours before it occurred. The court said:
“. . . We are concerned with what happened in that two-hour period and with what degree of reasonableness the employees of the store acted in that period of time. The two employees in the store at the time of the accident testified they could have seen the banana because they were in a position behind the cash register and front counter to observe clearly the area where it was located. Obviously, the banana was observable. The employees testified that they were not extremely busy and that few customers had been in and out of the store during the two-hour period. Both employees testified they had traversed the area where the banana was located immediately before Mrs. Kavlich slipped and fell. One of them testified further that she was watching the floor that day even at the time the plaintiff fell.” (Emphasis supplied).
I recognize that the Court in Kavlich practically found actual knowledge of the hazard, and not mere constructive knowledge, but the language seems to require that the storeowner explain what measures were taken to inspect and cleanup until the very moment that the accident occurred in order to avoid liability.
Furthermore, in Kavlich the Court made a distinction in what should be observed by a storeowner as compared to what should be observed by a customer:
“We conclude that the defendants have not borne the burden of proving that they were reasonably prudent in their exercise of duty and care owed to a customer in a self-service grocery store. They should have seen that which was obvious to a careful observer. They should have observed that which they testified they were trained to discover. The defendant’s employees were negligent in failing to remove the piece of banana upon which Mrs. Kavlich fell.” (Emphasis supplied).
In their dissent in the instant case, my colleagues ask why wasn’t the plaintiff guilty of contributory negligence if the ice cream was so obviously discoverable. I re *1169 spectfully submit that Kavlich answers that question. There the Court said the piece of banana on which Mrs. Kavlich slipped “was easily seen,” and while the employees of the store were found to be negligent for failing to discover and remove the hazard, contributory negligence on Mrs. Kavlich’s part was not discussed. It seems to me that the Court placed a greater degree of care on the storeowner to discover the hazard than on the customer.
I therefore concur in denying defendant’s application for rehearing.