ELLIS, Judge:
This is a suit by Thalia Fay Belew for damages for personal injuries suffered when she slipped and fell in National Food Store No. 26 in Baton Rouge. From a judgment dismissing her suit after trial on the merits, she has appealed.
Mrs. Belew testified that on April 6,1966, while shopping in the National Food Store, she slipped and fell as the result of stepping on a leaf of lettuce lying in the aisle in the produce department of the store. She said that the lettuce leaf was about the size of her hand and was lying on the floor, together with a line of some “reddish brown stuff” and “other little trashy stuff”, “which looked as though it had been swept up to that point and left there in the aisle.” Her testimony was corroborated by that of her father, who was walking a few feet behind her.
The assistant manager of the store testified that, when Mrs. Belew told him of the accident, he immediately went to the scene, and found no trash or debris, no lettuce leaf, and no scuff marks which might indicate that someone had slipped on a wet substance. He said that the aisle was clean except for one string bean, which showed no evidence of having been stepped on, and which was some distance from the point of the fall.
The manager of the store, and the porter, both of whom were employed there at the time of the accident and at the time of trial, over ten years later, testified that the store was mopped every morning before it was opened, and was swept in its entirety every two hours during the day. The produce aisle was swept every hour. They also testified that no sweeping compound was used in the store.
In Gonzales v. Winn-Dixie Louisiana, Inc., 326 So.2d 486 (La.1976), the court said:
“The duty of a store owner to protect his customers from foreign substances on the floor is one of reasonable care under the circumstances. Reasonable protective measures, including periodic inspections, must be taken to keep the aisles and floors free of substances or objects that may cause customers to fall.”
In disposing of the case, the trial judge said:
“The Court believes that Mrs. Belew did sustain a fall much in the fashion as described by her and her father. However, the Court is not willing to accept the implication that the lettuce leaf was swept to that location by store personnel and allowed to repose there until plaintiff’s fall. The store did not use a sweeping compound and Ms. Belew and her father were mistaken in making that inference. The Court finds that the defendant furnished sufficient evidence showing that it had employed adequate cleaning procedures to properly maintain the store in a safe condition for its customers. While a store does have an affirmative duty to keep its store in good condition, it is not the insurer of the safety of its customers.”
Plaintiff contends that there was no testimony that on the day of the accident the store was in fact cleaned according to the policy described by the manager and the porter. We think the testimony is such that the trial judge could properly conclude that the floor was actually properly cleaned on the day of the accident.
We find no manifest error in this conclusion.
The judgment appealed from is therefore affirmed, at plaintiff’s cost.
AFFIRMED.