PONDER, Judge.
Plaintiffs appeal from a judgment of the trial court dismissing their suit for damages arising from a slip and fall.
The issues are: liability of the state, contributory negligence of the plaintiff, and interpretation of facts by the trial judge.
We affirm.
In 1971, Mrs. Thomas and two companions visited the Motor Vehicle Division building to check on an automobile title. Plaintiff and her companions exited by the same ramp they had used on entrance. She took two or three steps down the ramp, slipped on a banana peel and fell, injuring herself.
Plaintiffs argue that because entrants to the Motor Vehicle Division building are compelled to go there by law, often under rushed circumstances, the state owes them a higher standard of care than does a private landowner. Plaintiffs assert the appropriate duty for defendant is that imposed on public stores by the Supreme Court in Gonzales v. Winn-Dixie Louisiana, Inc., 326 So.2d 486 (La.1976), in which the court held that because of the increased risk of harm to customers from items dropped on the floor and because the displays of the self-service grocery system seeking the focus of the customers on the shelves the storekeepers’ duty correspondingly increased; they are required to minimize risk by frequent inspections and clean-ups of the aisles.
We believe the proper standard for the liability of the defendant landowner under these circumstances is based on the concept of fault under LSA-C.C. Arts. 2315 and 2316.[1] The duty of the landowner is not to insure against the possibility of an accident on his premises, but rather to act reasonably in view of the probability of injury to others. The landowner is not liable for an injury resulting from a condition which should have been observed by an individual in the exercise of reasonable care.
The ramp in question rises gradually to the walkway into the building. It is light gray in color and has hand rails on both sides. The banana peel was described as being black. The record supports the trial court’s reasoning that either the banana peel was deposited during the few minutes plaintiff was in the building or she should have seen it upon entry. If the black banana peel appeared during Mrs. *418 Thomas’ presence in the building, we find that the duty was not breached since it did not extend to constant supervision and inspection. If, however, the peel was already there, Mrs. Thomas was guilty of contributory negligence because she should have seen the peel on entrance.
Plaintiffs contend the court misinterpreted the various versions of the accident given in their amended petitions as a reflection on their veracity. Although in its written reasons for judgment, the court outlines the different versions given by plaintiff, it ultimately determined the most likely cause of the fall was a banana peel. Accepting this fact as true, the court then proceeded to decide the case correctly using the applicable law. Since this was Mrs. Thomas’ version at trial, we fail to see how this factual determination has harmed her.
For the above reasons, the judgment of the trial court is affirmed at appellants’ costs.
AFFIRMED.

. LSA-C.C. Art. 2315:
“Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.
The right to recover damages to property caused by an offense or quasi offense is a property right which, on the death of the obli-gee, is inherited by his legal, instituted, or irregular heirs, subject to the community rights of the surviving spouse.
The right to recover all other damages caused by an offense or quasi offense, if the injured person dies, shall survive for a period of one year from the death of the deceased in favor of: (1) the surviving spouse and child or children of the deceased, or either such spouse or such child or children; (2) the surviving father and mother of the deceased, or either of them, if he left no spouse or child surviving; and (3) the surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving. The survivors in whose favor this right of action survives may also recover the damages which they sustained through the wrongful death of the deceased. A right to recover damages under the provisions of this paragraph is a property right which, on the death of the survivor in whose favor the right of action survived, is inherited by his legal, instituted, or irregular heirs, whether suit has been instituted thereon by the survivor or not.
As used in this article, the words ‘child’, ‘brother’, ‘sister’, ‘father’, and ‘mother’ include a child, brother, sister, father, and mother, by adoption, respectively.”
LSA-C.C. Art. 2316:
“Every person is responsible for the damage he occasions not merely by his act, but by negligence, his imprudence, or his want of skill.”