REDMANN, Judge.
A self-service supermarket appeals from a $1,092 judgment for this 58-year-old plaintiff’s damages from a slip and fall in defendant’s produce department. The question is whether defendant’s frequent inspections, including one in the area 12 to 15 minutes before plaintiff’s accident, discharged defendant’s duties towards plaintiff and therefore require reversal. We answer no and therefore affirm.
There is, the trial judge noted, no significant conflict in the testimony; “just about everybody did their best to tell the truth.” The facts are that plaintiff had left her self-service cart to avoid the congestion of customer and employee carts she saw by the produce area; she had left her purse with her mother. She was returning from buying oranges and peppers, not looking for other produce, when she slipped upon a four- or five-inch piece of green onion as she passed through a space about three feet wide between a produce bin and an employee who was restocking the produce section from a pushcart of produce.
We first dispose of defendant’s alternative argument that plaintiff was con-tributorily negligent because her failure to see the onion is not excusable by the typical theory of deliberate distraction by the storeowner through displays of the merchandise the shopper seeks: this shopper was not seeking merchandise; she had completed her produce purchases. We disagree. Common experience is that, exactly as the storekeeper intends when it arranges its displays (and notwithstanding plaintiff’s testimony that she was distracted by “Nothing that I can recall”), shoppers are attracted by displays of merchandise, even merchandise that the shopper had not previously intended to buy. The storekeeper cannot seek for itself the benefit of impulse buying from those displays while arguing that the shopper has a duty not to look at those displays.
Defendant’s primary argument, however, is that it was not negligent: that its frequent inspections absolve it of any liability for plaintiff’s fall. But we conclude, on the facts present, it would be an entirely reasonable inference by the trial court, and therefore an inference not subject to displacement on appeal by other equally reasonable inferences, Canter v. Koehring Co., La.1973, 283 So.2d 716, that more probably than not the green onion on the floor came from defendant’s own employee who was restocking the produce counter.
It must be observed that this is not a case of some unusual substance brought into the store by a customer. There is no reason to suppose that this green onion was brought in by anyone but the storekeeper. It is fairly the storekeeper’s burden to explain why its onion, of which it had control (see C.C. 2317), is on the floor instead of in its proper place. The storekeeper’s position entails either a supposition that another shopper dropped it or, more exactly, a re-shifting of the burden to the injured shopper to show either that the storekeeper’s employees caused the foreign substance to be on the floor or that it was on the floor so long that the employees should have removed it. But that is no longer the injured shopper’s burden: on proof by plaintiff of the presence of the store’s merchandise on the floor near its proper place, of her not seeing it and therefore stepping on it and of its causing her to slip, fall and be injured, “the duty of going forward with the evidence to exculpate the store employees from negligence shifts to the store owner.” *555 Gonzales v. Winn-Dixie La. Inc., 326 So.2d 486 (La.1976).
Defendant did not carry that burden.
Affirmed.