REDMANN, Judge.
Defendant self-service supermarket appeals from a $14,000 jury verdict for damages to the 83-year-old plaintiff from falling over a six-inch-high platform.
The platform was about 15 feet long and was used to stack bags of sugar. Toward each end the sugar was stacked high. Defendant’s security chief testified “In the center [for an area about three feet wide] there was no sugar at all except two or three small bags left on the bottom. They [store employees] either started stacking or removing to sweep and clean to reshelf.”
Plaintiff testified she thought the three-foot-wide opening a passageway. As she walked into it, she hit her leg and fell across the platform, breaking her left arm and suffering other minor damage.
We cannot substitute our reasonable inferences for those of the jury. Canter v. *514 Koehring Co., La.1973, 283 So.2d 716. We cannot reverse their apparent finding that it is fault within C.C. 2315 to leave a six-inch-high display platform in such a condition that, to a shopper distracted by the business of shopping and by the store’s deliberately attractive displays (see Gonzales v. Winn-Dixie, La.1976, 326 So.2d 486), it appears to be two displays with an aisle between them. It is understandable that the shopper, even the reasonably prudent shopper, may be deceived by the aisle-like appearance and may walk into the platform. That conclusion was within the province of the jury.
Nor can we substitute our views on quantum in the absence of an abuse by the jury of its much discretion, C.C. 1934(3), Coco v. Winston Ind. Inc., La.1977, 341 So.2d 332. The broken arm was a serious injury, aggravated by the age of plaintiff, and we simply cannot say it was an abuse of the jury’s discretion to award her $14,000 damages (which included a modest amount of medical expenses).
Affirmed.