REDMANN, Chief Judge.
Plaintiff appeals from the dismissal of her action for damages from striking a pullout shelf for paper bags at a check-out counter in a supermarket.
Upon entering the supermarket plaintiff (with her sister) went to read the supermarket’s newspaper advertisement which was *1282 posted on a wall which formed one side of the lane through the first check-out counter. That first counter itself extends into the main aisle along the front of the supermarket much more than do the other counters, affording less space between the end of that counter and the front wall. Moreover, within that reduced space there appear to be other intrusions, including a pay telephone on the same wall as the newspaper ad and about a foot away from the end of the counter (not from the pull-out shelf). The newspaper ad was located several feet within the first counter’s lane. Plaintiff thus entered that lane to look at the ad. After doing so, plaintiff exited the lane the same way she had entered, intending to turn so as to pass along the exits of all the other lanes, get a grocery cart, and enter the merchandise section of the supermarket. On making her turn into the main aisle while exiting the lane she struck her knee on a movable, “pull-out” shelf used for bagging when the lane is in operation. (The lane was not in operation at the time.) The shelf protruded 12 to 16 inches from the counter and was two to two-and-a-half feet high, perhaps a foot lower than the counter itself and thus somewhat obscured by the counter to the view of one inside the lane.
We conclude that, just as a supermarket is obliged to provide premises free of “substances or objects” that a self-service shopper, distracted by attention-drawing displays of goods, might understandably not notice, Gonzales v. Winn-Dixie La. Inc., 326 So.2d 486, 488 (La.1976), the supermarket also is obliged to provide obstacle-free access to and egress from an aisle to which it invites its patrons to peruse its newspaper advertisements.
The trial judge’s expressly uncertain view was that plaintiff was contributorily negligent because she should have seen the protruding shelf when she entered the lane. (He viewed the shelf as “almost a trap” and, if comparative negligence had been in force at the time, would have assessed only 10% of the fault to plaintiff.)
Without consideration of the exculpatory doctrine of momentary forgetfulness, plaintiff might have been considered contributo-rily negligent. But, under a duty-risk analysis, the possibility of such contributory negligence cannot be both the reason a duty is imposed upon the storekeeper and an excuse for the storekeeper’s breach of that duty; Oliver v. Capitano, 405 So.2d 1102 (La.App. 4 Cir.1981), writ refused 407 So.2d 731 and 734. The theory of Oliver and its forebears may not apply to victim negligence if comparative negligence applies, or if the plaintiff’s duty and breach are comparable to the defendant’s, see discussion in Jenkins v. St. Paul Fire & M. Ins. Co., 422 So.2d 1109 (La.1982), reh’g granted, but we deem it applicable here.
We therefore reverse the trial judge’s ruling on liability.
We award $1,000 for the contusions and abrasions to the knee with some bleeding and residual scarring and discoloration (shown on a photographic transparency in evidence) and accompanying pain and suffering but no residual impairment. Medical was $235.88.
Reversed; judgment for plaintiff for $1,235.88 with interest from judicial demand and all costs.