499 So.2d 1033 (1986)
Terri Ann SAUCIER, Plaintiff-Appellant,
v.
WINN-DIXIE LOUISIANA, INCORPORATED, Defendant-Appellee.
No. 85-992.
Court of Appeal of Louisiana, Third Circuit.
October 8, 1986.
*1034 Darrell J. Hartman, Abbeville, for plaintiff-appellant.
Onebane & Associates, Richard Petre, Jr., Lafayette, for defendant-appellee.
Before DOUCET, LABORDE and KNOLL, JJ.
LABORDE, Judge.
This is a slip and fall case.
Terri Ann Saucier, plaintiff-appellant, allegedly injured herself when she fell on the floor of a Winn-Dixie food store in Abbeville, Louisiana. Saucier brought suit against Winn-Dixie Louisiana, Inc. (Winn-Dixie) for damages. At trial, a jury found that Winn-Dixie was guilty of negligence contributing to plaintiff's injury in the amount of fifty (50%) percent. Saucier was found to be contributorily negligent for the complement; thus, the trial judge reduced the jury award of twenty thousand ($20,000.00) dollars by fifty (50%) percent. Saucier urges on appeal that the finding of negligence on the part of Winn-Dixie *1035 should be affirmed. She further asserts that the jury's finding of comparative negligence on her part is manifestly erroneous and that the jury award is so low as to constitute an abuse of discretion. We find no negligence on the part of Saucier and amend the judgment accordingly.

FACTS
On the afternoon of June 9, 1983, plaintiff and two companions, Chris Ann Guillory and Diane Harrington, went to a "truckload sale" at the Abbeville Winn-Dixie. Plaintiff dawdled in the store for awhile, then decided to review the wares of the sale located on the sidewalk. Walking straight ahead, without merchandise, basket, or buggy in hand, she approached check-out counter number eight where she slipped on milk puddled on the floor. The slip caused her to lose balance, forcing her right knee down to the floor. The only damage plaintiff identified at the time was embarrassment. She quickly erected herself and scurried off to the truckload sale outside the store.
Witnesses varied as to the exact number and size, but the consensus holds that a few small milk puddles of two to three inches in diameter pooled in the aisles near check-out counter number eight. No one saw the milk before the accident and a question remains as to how the milk surfaced on the aisles. Similarly, the exact length of time that the milk remained on the floor could not be definitively ascertained.
Soon after the accident plaintiff began to experience lower back pain. After consultation with her attorney, plaintiff was treated by Dr. Thomas Latour, a general practitioner and psychiatrist in Abbeville. She later consulted Drs. Cobb and McDaniel who observed no objective indicia of injury. Physicians' treatment notwithstanding, plaintiff continues to complain of mild to moderate lower back pain which limits her ability to function. She claims the injury decreased her earning capacity and disabled her from performing normal household chores.

LIABILITY OF WINN-DIXIE
The duty of a store owner to protect customers from foreign substances is one of reasonable care under the circumstances. Reasonable protective measures, including periodic inspections, must be taken to keep the aisles and floors free from substances or objects that may cause customers to fall. Gonzales v. Winn-Dixie Louisiana, Inc., 326 So.2d 486, 488 (La. 1976); Arnold v. T.G. & Y. Stores Company, 466 So.2d 529, 532 (La.App.3d Cir.), writ denied, 470 So.2d 126 (La.1985). Determination of whether a store's protective measures have been reasonable is largely dependent on the circumstances of each case, taking into consideration the type and volume of merchandise, the volume of business, and the floor space used for customer services. The degree of vigilance must be commensurate with the risk involved, as determined by the overall volume of business, the time of day, the section of the store, and other relevant considerations. Brown v. Winn-Dixie Louisiana, Inc., 452 So.2d 685, 687 (La.1984).
The store owner is not the insurer of the safety of its customers nor does it have to keep its entranceways, aisles, and passageways in perfect condition. Each case turns on whether reasonable effort has been made to secure the patron's safety under the circumstances. Carollo v. Shoney's Big Boy Enterprises, 433 So.2d 803, 805 (La.App. 5th Cir.), writ denied, 441 So.2d 213 (La.1983).
Once the plaintiff has established a prima facie case by proving that a foreign substance created a hazard on the floor, that plaintiff stepped in the foreign substance, and that it caused her to slip and suffer injury, an inference of negligence on behalf of the storeowner arises. The burden of going forward shifts to the defendant who must present evidence to exculpate itself from the presumption that it was negligent. Kavlich v. Kramer, 315 So.2d 282, 285 (La.1975); Arnold, 466 So.2d at 532.
*1036 A jury's factual finding should be accepted unless afflicted with manifest error; without clear error the decision will not be upset on appeal. Where there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed on review, even though the appellate court may feel that its own evaluations and inferences are more reasonable. Critical to the resolution of this case is the jury's determination of the length of time the milk was allowed to remain on the floor.
Winn-Dixie could have exculpated itself by proving reasonable protective measures or by proving that the milk had been on the floor for such a minute duration that determination of protective measures would be superfluous.[1]See, e.g., Maryland v. Winn-Dixie Louisiana, Inc., 393 So.2d 316 (La.App. 1st Cir.1980), writ denied, 398 So.2d 530 (La.1981). The jury found that defendant proved neither.
The protective measures of the store are remarkably similar to the ones found to be inadequate by our Supreme Court in Brown v. Winn-Dixie Louisiana, Inc., supra at 686:
"[a]ccording to defendant's evidence, the entire store was swept and mopped each morning before opening. Cleaning during the day was performed on an `as needed' basis. There were no periodic inspections for spills or other hazards, but all employees were instructed to be on the lookout for dangerous conditions."
Winn-Dixie employees emphasized their training in customer safety awareness. The Abbeville store had thirty-five (35) employees on duty at the time of the accident. None were assigned the duty of conducting periodic inspections, although managers sometimes walked through the store. As further noted in Brown, "[a]n operator who never conducts inspections is unlikely to discover unreported hazards. Under such circumstances, the lack of inspections and other preventive measures results in the failure to discover dangerous conditions and contributes substantially to the causation of the ensuing fall and injury." Id. at 687. Relying on the authority of Brown, we affirm the finding of the jury that Winn-Dixie failed to exculpate itself from liability for failing to discover the dangerous condition.

VICTIM'S CONTRIBUTION TO THE ACCIDENT
As noted earlier, the jury found Ms. Saucier guilty of negligence contributing to fifty (50%) percent of the injury. We find no negligence on the part of plaintiff and correct this clear error.
The record shows that plaintiff was walking at a moderate clip, straight ahead, with no bundles or packages to hinder her view. She testified that she did not see the milk until after she had slipped in it. The milk was white on a white and brown-speckled floor. Puddles of milk extended from beneath Mr. Francis Foster's grocery cart (in check-out line number eight (8)) to several feet out into the heavily traveled main aisle. That Ms. Saucier's attention was not devoted exclusively to the floor is a tribute to the merchant's marketing techniques. The high impulse items, ubiquitously placed at checkout counters, such as analgesia and shoppers' rags with bold headlines could no doubt have distracted plaintiff. See Batiste v. Joyce's Supermarket, 488 So.2d 1318 (La.App.3d Cir. 1986); Dulaney v. Travelers Insurance Company, 434 So.2d 578 (La.App. 1st Cir. 1983).
Finding no fault on the part of plaintiff, we amend the trial court judgment which *1037 reduced plaintiff's award by fifty (50%) percent.

DAMAGES
Plaintiff contends that the jury abused its great discretion in finding total damages amounting to twenty thousand ($20,000.00) dollars. We disagree.
The jury was free to accept or reject the testimony of plaintiff who described her ordeal of pain and concomitant limitation of activities. The jury also heard from several medical experts.
Dr. Latour, a general practitioner and psychiatrist, treated plaintiff from June, 1983 through November, 1984, with analgesics, muscle relaxants, and passive physical therapy  biofeedback. Dr. Latour diagnosed plaintiff as suffering from lumbar strain.
Plaintiff saw Dr. John Cobb, an orthopedic surgeon, in June of 1984. This examination revealed no objective evidence of lower back injury. Dr. Cobb also performed a discogram which proved normal. Based on plaintiff's history of trauma and subjective complaints, Dr. Cobb diagnosed plaintiff as suffering from post traumatic lumbar pain syndrome.
Finally, at Winn-Dixie's request, plaintiff was examined by Dr. James McDaniel, orthopedic surgeon. Dr. McDaniel found no objective evidence of lumbar injury and found no evidence to indicate any type of disc pathology.
At worst, plaintiff sustained a lumbar strain. The jury did not believe plaintiff had suffered from intolerable pain, nor did they find that she had suffered a precipitous blow to her earning capacity. As mandated by La.C.C. art. 2324.1, and Reck v. Stevens, 373 So.2d 498, 501 (La.1979), the assessment of damages in cases of quasi offenses is left to the much discretion of the jury. Absent clear abuse of this discretion, we will not upset the jury's assessment of damages on appeal.
For the above and foregoing reasons, the judgment of the trial court is amended to reflect no contributory negligence on the part of plaintiff. Damages found by the jury, twenty thousand ($20,000.00) dollars, constitute the full award. In all other respects, the judgment of the trial court is affirmed. Costs on appeal are taxed to Winn-Dixie Louisiana, Inc.
AFFIRMED AS AMENDED.
NOTES
[1] Defendants presented testimony of Francis Foster, an off-duty Winn-Dixie employee "checking-out" at counter #8 at the time of the accident. Mr. Foster, trained by Winn-Dixie to be alert for spills, witnessed the fall, then observed the two or three puddles of milk on the floor. Other puddles had formed under his own grocery cart, seemingly coming from a milk carton in his basket. Mr. Foster did not know where the milk had come from nor how long it had been on the floor. No other witness came forward to testify as to the exact length of time the milk stood.