508 So.2d 159 (1987)
Lawrence A. BOEHM, Nelly B. Boehm and Wanda Santa Marina
v.
Leroy BIENEMY and Allstate Insurance Company.
No. CA-5802.
Court of Appeal of Louisiana, Fourth Circuit.
May 12, 1987.
*160 David W. Oestreicher, II, Oestreicher, Whalen & Hackett, New Orleans, for plaintiff-appellants.
Jane M. Macke, Manuel A. Fernandez, Chalmette, for defendant-appellee.
Before BYRNES, LOBRANO and WILLIAMS, JJ.
WILLIAMS, Judge.
Plaintiffs, Lawrence A. Boehm, Nelly B. Boehm, and Wanda Santa Marina, are appealing the inadequacy of the jury award in an action arising from a vehicular accident with defendant, Leroy Bienemy. The jury concluded that both drivers (Lawrence Boehm and Leroy Bienemy) were 50% at fault and awarded Lawrence Boehm $345.50 in damages. The jury awarded no damages to Mr. Boehm's guest passengers, Nelly Boehm and Wanda Santa Marina.
On July 8, 1982, at approximately 8:30 p.m., plaintiff Lawrence Boehm was driving south on Louisiana Highway 27. His wife, Nelly Boehm, and Wanda Santa Marina were passengers in the car. Mrs. Boehm was sitting on the passenger side front seat while Ms. Santa Marina was in the back seat behind the driver. Plaintiff's car was owned by his father-in-law and insured by defendant, Allstate Insurance Company. The other car, driven by defendant Leroy Bienemy, was on the same road and headed in the same direction as plaintiff's car. As the defendant attempted to pass plaintiff's car on the left side, he hit the driver's rear quarter panel of plaintiff's car causing it to slide over into the grass. Bienemy was an uninsured driver causing plaintiffs to name Allstate Insurance Company as a defendant as the uninsured motorist carrier for plaintiffs' car. At the lower court's suggestion, the claims of Lawrence Boehm were severed from those of Nelly Boehm and Wanda Santa Marina. At the conclusion of the trial on Mr. Boehm's claims, the jury returned a special interrogatory verdict and found both drivers to be 50% at fault. The jury then awarded Mr. Boehm $345.50, one half of his total special damages. At the start of the trial on the personal injury claims of Nelly Boehm and Wanda Santa Marina both parties stipulated to the following:
1) All exhibits that were already in the record were maintained without objection.
2) That Allstate assumed the liability split found by the jury in the first trial, that there was coverage under both the liability and the uninsured provisions of its policy and
3) That plaintiffs were guest passengers.
*161 At the conclusion of the second trial, the jury returned a verdict awarding no damages to either Nelly Boehm or Wanda Santa Marina. Plaintiffs have appealed, specifying as error that (1) the jury award was inadequate and manifestly erroneous in the face of compensable injuries clearly proven by a preponderance of the evidence; and (2) the judge erred in his instructions on liability and damages to the jury in the second half of the severed trial by ignoring the stipulations that both counsel had made.
In addressing the latter issue first, we find that plaintiffs' failure to object at trial to the jury instructions precludes them from raising this issue on appeal. LSA-C.C.P. art. 1793. In the assessment of damages, the law accords the trier of fact "much discretion." La.C.C. art. 1934(3). Reck v. Stevens, 373 So.2d 498 (La.1979); Tebbe v. Avegno, 435 So.2d 513 (La.App. 4th Cir.1983, writ considered, 441 So.2d 753 (La.1983). Before a court of appeal can disturb an award made by a trial court, the record must clearly reveal that the trier of fact abused its discretion or that the omission of damages was manifestly erroneous. Coco v. Winston Industries, 341 So.2d 332 (La.1977); Alphonso v. Charity Hospital of Louisiana, 413 So.2d 982 (La.App. 4th Cir.1982) writ denied, 415 So.2d 952 (La.1982).
The automobile accident occurred on July 8, 1982. Plaintiff Nelly Boehm was approximately seven months pregnant at the time of the accident. She relies on the testimony of her husband Lawrence Boehm and her friend, Terry Lynn Toulet, to support her argument that she sustained back injuries which produced pains that persisted as late as September and precluded her from doing her normal housework on a regular basis. Mr. Boehm testified that his wife complained of pain in her back and side and spent most of her time lying against heating pads or ice packs. Ms. Toulet testified that it was necessary for her to take over nearly all of Mrs. Boehm's housework. Mrs. Boehm also relies on the deposition of her obstetrician, Dr. Jack Zoller. The deposition, filed into the record in lieu of his live testimony, noted that Mrs. Boehm called the doctor complaining of severe back aches and that she made three or four different visits regarding her ongoing spinal problems.
Defendants argue that the testimony from Dr. Zoller gives an indication that Mrs. Boehm's problems were related solely to her pregnancy and not to the automobile accident. Dr. Zoller stated that Mrs. Boehm's first visit after the accident of July 8, 1982, was on August 12, 1982. On this visit, she complained of back pain but did not tell Dr. Zoller that she had been involved in an automobile accident. Defendants also argue that Dr. Zoller's deposition contradicts testimony given by Mrs. Boehm herself. Mrs. Boehm testified at trial that she had gone to the hospital on a few occasions to receive shots to alleviate her pains, but Dr. Zoller stated that he had no indication in his records that Mrs. Boehm had gone to the hospital or received any type of shots for pain. Dr. Zoller further testified that women sometimes develop back problems and have back pains as a result of their pregnancy.
With respect to Wanda Santa Marina's injuries, Ms. Santa Marina testified that when the car was hit she was thrown to the other side. She stated that her upper shoulder on the left hand side was a little stiff which caused her to miss work for three or four days. Ms. Santa Marina did not see a doctor at first, due to her unique position with the LSU Medical Center, as she was able to receive "off the record" consultation with a woman in the Department of Physical Therapy. She did, however, eventually call Dr. D'Ambrosia for a consultation on November 9, 1982, complaining of aching pain in the left shoulder and the left side as a result of the July 8th accident. Dr. D'Ambrosia's impression of the injury was "cervical strain, whiplash injury, paralysis primarily on the lateral side with a chronic trapezium muscles sprain on the left."
Defendants argue that Ms. Santa Marina produced no witnesses to corroborate her testimony as to the "off the record" physical therapy treatment and note that her visit with Dr. D'Ambrosia was four (4) *162 months after the accident and after she had retained an attorney to represent her in this action.
The trier of fact (here the jury) is obliged to assess the credibility of experts who testify at trial, as well as that of lay witnesses, to determine the most credible and realistic evidence. After weighing and evaluating all of the medical evidence, and the lay testimony relating to the injuries sustained by the plaintiffs, the jury may accept or reject the testimony based upon its determination of the witnesses' credibility. This determination will not be disturbed unless found to be clearly erroneous. Tebbe, supra; Lewis v. Orleans Parish School Board, 371 So.2d 328 (La.App. 4th Cir.1979) writ denied 373 So.2d 526 (La.1979).
Based upon the evaluation of the evidence, the jury apparently found no connection between the July accident and the plaintiff's complaints. A review of the record does not indicate this conclusion to be either clearly erroneous or an abuse of the jury's great discretion.
Defendant filed a motion to dismiss Lawrence Boehm's appeal with this court. We denied the motion because the appeal was not before the court. (Motion to Dismiss Denied, Vol. II of Rec.) We, therefore, find no need to address any arguments relating to his trial.
For the foregoing reasons, the decision of the trial court is affirmed. All costs of this appeal are to be borne by appellant.
AFFIRMED.
LOBRANO, J., concurs with reasons.
LOBRANO, Judge, concurring.
The appeal of Lawrence A. Boehm is untimely and not before the Court. Although the claims of Lawrence A. Boehm, Nelly B. Boehm and Wanda Santa Marina were all consolidated in one lawsuit, the claims of Lawrence A. Boehm were disposed of by separate trial and judgment. His appeal was not lodged timely.
Lawrence A. Boehm argues his judgment was not final within the meaning of LSA-C.C.P. Article 1841. I disagree. That judgment decided the entire merits of Lawrence A. Boehm's claim, and thus was final as to his assertions. His appeal was untimely.