533 So.2d 1034 (1988)
Sandy DIAZ
v.
SCHWEGMANN GIANT SUPERMARKETS, INC., and ABC Insurance Company.
No. 88-CA-0237.
Court of Appeal of Louisiana, Fourth Circuit.
October 27, 1988.
*1035 George R. Blue, Jr., Blue, Williams & Buckley, Metairie, for defendant/appellant Schwegmann Giant Super Markets, Inc.
Glenn E. Diaz, Chalmette, for plaintiff/appellee.
Before BARRY, KLEES and BYRNES, JJ.
BYRNES, Judge.
This case arises out of a slip and fall accident at a Schwegmann Giant Supermarket, Inc. Store located in Chalmette, Louisiana in which the plaintiff/appellee Sandy Diaz was injured. Plaintiff filed suit for her injuries against defendant/appellant Schwegmann Giant Supermarket, Inc. (Schwegmann). Following a trial on the merits, the lower court rendered judgment in favor of plaintiff, Sandy Diaz, and against defendant Schwegmann.
Schwegmann perfected this appeal, alleging that the trial court's finding on liability was erroneous in that it was contrary to the law and evidence presented. Appellant contends further that the trial court abused its discretion in awarding plaintiff $4,000 in damages. We disagree and affirm both the finding as to liability and the award.

FACTS
The facts of this case are quite simple. On July 14, 1985, at approximately 3:50 p.m., plaintiff/appellee, Sandy Diaz, slipped and fell on some liquid on the floor near the seafood/deli department in the Schwegmann store located at 8400 West Judge Perez Drive, Chalmette, Louisiana. Ms. Diaz was eight months pregnant; however, neither the pregnancy, nor the unborn child were adversely affected by the fall. Appellee did, however, sustain relatively minor injuries to her ankle, knee and inner thighs.
Regarding the injuries, the record reflects that no surgery was required or recommended and the only treatment of any consequence was that appellee was required to wear a knee brace for a short period of time. Ms. Diaz's injuries apparently resolved within approximately four weeks.

LIABILITY
It is well settled that in cases such as this, where a slip and fall occurs in a store, once the plaintiff establishes a prima facie case that he or she slipped on a foreign substance the burden shifts to the store to exculpate itself from a presumption of negligence. Kavlich v. Kramer, 315 So.2d 282 (La.1975). See also, Saucier v. Winn-Dixie Louisiana, Inc., 499 So.2d 1033 (La.App. 3rd Cir.1986); Gonzales v. Winn-Dixie Louisiana, Inc., 326 So.2d 486 (La.1976).
The plaintiff establishes a prima facie case:
"[B]y proving that a foreign substance created a hazard on the floor, that plaintiff stepped in the foreign substance, and that it caused her to slip and suffer injury..." Saucier v. Winn-Dixie Louisiana, Inc., supra at 1035.
Although it is clear that the store is not the insurer of the safety of its customers, a heavier burden is placed on the store because:
"[I]n the self-service system, ... a customer who slips and falls on ... an object is usually in no position to establish how long it has been on the floor." Gonzales *1036 v. Winn-Dixie Louisiana, Inc., supra. at 488.
Thus, once the burden shifts to the store it must prove that reasonable measures are taken to keep the aisles and floors clear of substances that may cause customers to fall. These measures include evidence of periodic and regular inspections. Gonzales v. Winn-Dixie Louisiana Inc., supra. Even where there exists evidence of reasonable inspection procedures the store must also show that its employees did not cause the hazard that resulted in the customer's injury. McCardie v. Wal-Mart Stores, Inc., 511 So.2d 1134 (La.1987). Thus, the store has a two-fold burden of proof to exculpate itself.
Appellant states in its brief that the McCardie decision has come under serious judicial attack.
Even the Gonzales court, however, recognized the two-fold burden placed upon the store when it found:
In the present case, the defendants' evidence was minimal. The defendants offered no evidence to show that an employee did not drop the oil. 326 So.2d at 489. (Emphasis added)
Thus, the notion of a two-fold burden is not something totally new as expressed by the Court in McCardie.
Further, appellant contends that the enactment of R.S. 9:2800.6(C) during the 1988 regular session legislatively overrules the McCardie decision. Note that this statute was effective July 1988 after the trial in this case and due to the substantive nature of this provision it is not applicable, retroactively, to the instant case. The language of the statute is helpful however, in that it expresses the intent of Gonzales, McCardie, and this court to require some evidence of whether a store employee caused the hazardous condition. 9:2800.6(C) states:
In exculpating himself from liability under this subsection the merchant need not introduce the testimony of every employee of the merchant or any particular proportion thereof, but is only required to introduce the testimony of any employee shown to have actually created the hazardous condition and those employees and management personnel whose job responsibilities included inspection or cleanup of the area where the accident giving rise to the damages occurred.
Clearly, the language of 9:2800.6(C) requires that the store owner put on some evidence in the form of the testimony of employee's alleged to have created the condition and management personnel and any employee "whose job responsibilities included inspection or cleanup of the area where the accident giving rise to the damages occurred."
Thus, a two-fold burden still exists for the storeowner. We do not feel that the store is required to put every employee on the stand. It is, however, required to make more than a minimal showing regarding store procedures and whether an employee caused the hazardous condition.
In the case at bar, as in Gonzales, the defendant offered no evidence to show that an employee did not cause the hazardous situation. The only testimony offered to exculpate Schwegmann was the testimony of the store manager and the porterette responsible for the area involved on the date of the accident along with a log sheet reflecting when certain areas of the store were inspected or mopped. After reviewing the record we note that the testimony of the porterette was confusing, inconsistent and inconclusive. Her testimony and the log sheet reflect that at various times during the day she claimed to be at two places at the same time and moved from one area of the store to another in seconds, apparently with mop and bucket in tow. Regarding the incident in question she stated that she mopped the deli area at 3:46 p.m. and did not leave the area until 3:53 yet she apparently did not see the accident and her only knowledge of it comes from what others told her. Further, the porterette could not state exactly where in the deli she mopped. Moreover, there is no testimony as to whether the porterette may have caused the spill herself.
The store owner must make more than a minimal showing to exculpate himself from the presumption of negligence. While we *1037 do not believe that this necessarily indicates that every employee be put on the witness stand, the merchant must at the very least, present the testimony of the employee or employees directly responsible for the maintenance of the area to testify whether they had anything to do with the hazardous condition. Once such evidence is presented it is the trial court's job to assess the credibility of the witnesses and its determinations in that regard will not be disturbed absent a showing of manifest error. Boehm v. Bienemy, 508 So.2d 159 (La.App. 4th Cir.1987). In the case before us, the trial court did not find the testimony of the porterette to be credible or persuasive. Thus, the second prong of the two-fold burden as expressed by the jurisprudence of this state was not satisfied. The record clearly supports such a finding.

QUANTUM
Appellant also argues that the trial court abused its discretion in awarding $4,000.00 to the plaintiff. We disagree.
The trial judge rendered judgment in favor of Ms. Diaz for $4,000.00 as general damages. As previously noted, the record reflects that Ms. Diaz suffered relatively minor injuries, requiring rest and a knee brace. The injuries were resolved within four weeks. Fortunately, neither the pregnancy nor the child suffered adverse effects as a result of the fall.
It is well settled, that a quantum award cannot be disturbed on appeal unless the trier of fact has abused its much discretion in making the award. LSA-C.C. Art. 1999; Scott v. Hospital Service District No. 1 of St. Charles Parish, 496 So.2d 270 (La. 1986). The key issue in evaluating the damages is whether the award is reasonably supported by the record and not whether, in the eyes of the appellate court, another award may be more appropriate. Chatelain v. U.S. Fidelity and Guaranty Company, 495 So.2d 379 (La.App. 3rd Cir. 1986), writ den. 498 So.2d 756 (La.1986).
The award of $4,000.00 was within the court's discretion and is supported by the evidence, particularly, due to Ms. Diaz's pregnant condition. Accordingly, we affirm the damage award.
For the foregoing reasons the judgment and award of the trial court are affirmed. All costs of this appeal are to be borne by appellant.
AFFIRMED.