WATKINS, Judge.
This is an action for damages for personal injury to plaintiff, Tom Collins, brought against the Parish of East Baton Rouge, the City of Baton Rouge, and the State of Louisiana through the Department of Transportation and Development. The trial court first gave oral reasons for judgment at the conclusion of the trial dismissing plaintiff’s suit. Before written judgment was signed, the trial court upon reconsideration decided the case in plaintiff’s favor, awarding plaintiff $2,181.40, and assigning written reasons for judgment. Only the Parish of East Baton Rouge was cast in judgment, and the Parish has appealed. We affirm.
The injury sued upon resulted when plaintiff Collins’ pickup truck fell into a cave-in of the roadway approximately three feet in diameter on a street maintained by the Parish of East Baton Rouge. Plaintiff sustained injuries to his shoulder and wrist.
On December 31, 1977, Tom Collins, with two passengers, Isaac Thomas and Betty Williams, was proceeding westerly on Oriole Street in Scotlandville in the pickup truck, preparing to turn onto Southern Avenue. As they were approaching the area of the turn, suddenly and without warning the street caved in, the cave-in causing the front of the truck to fall into the hole to a depth sufficient to render the truck immobile. The door on the passenger side was flung open, causing Betty Williams to fall to the ground. Although the present suit does not involve injury to Betty Williams, the facts that the door was flung open and she was thrown to the ground indicate the force in the descent and the obvious depth of the cave-in.
A sewer line ran beneath Oriole Street at a depth of approximately eighteen feet. Also under the street was a storm drain. Larry C. White, an employee of the sheriff’s office, who was on uniform patrol when the accident occurred, testified that the same street had caved in before, on how many occasions he was uncertain but at least once, and that barriers and lanterns had been put up to divert traffic from the hole on those earlier occasions. The earlier cave-ins had been in the same area, within three of four feet of the cave-in that resulted in the accident. Clearly, therefore, there was notice to the Parish of the propensity of the area in question to cave in, and the Parish was negligent in failing to keep the barriers and lanterns in place or in taking satisfactory protective measures of a more permanent nature. The Parish was clearly negligent in reopening the street without taking whatever steps were necessary to prevent the occurrence of another cave-in. As the Parish was negligent, and as the accident would not have occurred but for the negligence of the Parish, the Parish is clearly liable in damages under LSA-C.C. art. 2315.
Liability on the part of the Parish exists for the further reason that the street was in the custody of the Parish, and that the accident resulted from a vice or defect of that street. See LSA-C.C art. 2317, Loescher v. Parr, 324 So.2d 441 (La.1976). The doctrine of Loescher, which holds the custodian of an immovable liable in damages for injury caused by its vice or defect, even in the absence of proof of negligence, subject to certain defenses not here pertinent, was applied to public bodies in the recent decision of the state’s Supreme Court in Jones v. City of Baton Rouge, 388 So.2d 737 (La.1980). As liability without negligence exists on the part of public bodies without proof of negligence, with regard to injuries caused by immovables within their custody, subject to those defenses alluded to above not here pertinent, and as Oriole Street was in the Parish’s custody, the Parish would be liable without proof of negligence.
However, here, as we have seen, negligence has been proved.
Damages were awarded for medical expenses, weakness of the wrist, and pain in the area of the wrist, shoulder and elbow. We have reviewed the record carefully and do not find that the trial court’s determination of quantum of damages constituted an abuse of that court’s discretion.
The judgment of the trial court is affirmed, at appellant’s cost.
AFFIRMED.
*604 LEAR, J., dissents and assigns reasons given in Stablier v. City of Baton Rouge, La.App., 393 So.2d 148.