393 So.2d 316 (1980)
Donna MARYLAND
v.
WINN-DIXIE, LOUISIANA, INC.
No. 13766.
Court of Appeal of Louisiana, First Circuit.
December 15, 1980.
Rehearing Denied January 26, 1981.
Writ Refused April 6, 1981.
*317 Gordon Hackman, Boutte, for plaintiff and appellant.
Robert Peyton, New Orleans, for defendant and appellant.
Before ELLIS, COLE and WATKINS, JJ.
COLE, Judge.
The issue in this slip and fall case is whether or not the defendant store has exculpated itself from liability. Because we find the evidence shows defendant has sufficiently rebutted the presumption of negligence, we reverse the judgment of the trial court.
Both parties to this suit have appealed. Defendant Winn-Dixie argues direct evidence showed the foreign substance was on the floor only a few minutes before the accident occurred and therefore the presumption of negligence is rebutted. Plaintiff Donna Maryland appeals to have the amount of judgment increased.
The facts of the case are as follows: On November 3, 1977, Donna Maryland was shopping in a Winn-Dixie store in Houma, Louisiana. Just as she was ready to check out, she remembered she wanted to purchase some beer. She left her grocery cart near the check out stand with her companion, McKinley Carter, and quickly walked toward the part of the store where the beer was displayed. When she reached a spot directly in front of the manager's office, she slipped on a foreign substance and fell to the floor. She was helped up by a customer and she complained of leg and back pain.
The substance was later identified as cole slaw. It covered a four to five inch area on the floor and the one-half pint container and lid lay near by. It is well settled that once a customer proves a foreign substance was on the floor, she did not see the substance, she stepped into the substance and the substance caused her to slip, fall and be injured, the defendant store is required to exculpate itself by rebutting the presumption of negligence. Gonzales v. Winn-Dixie, Louisiana, Inc., 326 So.2d 486 (La.1976). The store usually exculpates itself by showing there were periodic inspections of the floor area. Gonzales, supra; McCauley v. Nicholas, 297 So.2d 914 (La. App. 1st Cir. 1974).
The testimony at trial showed there were no periodic inspections in this store. The policy was that every employee was to be constantly watching the floor for accident hazards. The manager, Mr. Irvin Landry, testified by deposition that it was his job to *318 constantly inspect the floor when on duty. Based on this testimony alone, we would have to conclude defendant had not exculpated itself. But we need not concern ourselves with the requirement of periodic inspections because the record contains direct evidence the cole slaw was on the floor for only a few moments before the accident.
It must be noted that the rationale behind the requirement of periodic inspections is to insure that foreign substances do not remain on the floor for unreasonable periods of time. Gonzales, supra. Kevin Naquin, the assistant manager, testified he was stocking a shelf down the aisle from where the accident occurred. Shortly before the accident he left his position on the aisle, passed over the spot where Ms. Maryland later fell, and walked to the manager's office to greet some visitors. After fifteen minutes he left the manager's office, again passing the scene of the accident, returned to his place on the aisle and resumed stocking the shelves. He then became aware Ms. Maryland had fallen as he observed a customer helping her off the floor. He stated the cole slaw and the container were clearly visible on the floor.
Mr. Naquin testified he was well aware of his duty to constantly survey the floor for foreign substances. He stated he did not see any cole slaw when he passed over the exact spot of the accident moments before. Naquin estimated only two minutes had passed from the time he walked over the accident site until the time he saw Ms. Maryland being helped to her feet. We feel Naquin's testimony establishes that more probably than not, the cole slaw was not on the floor when he walked through the area two minutes before the accident. The cole slaw had spilled from a half-pint container. The spot was four to five inches big and the container and lid were clearly visible on the floor. We conclude this assistant manager, instructed to constantly watch for hazards, would have seen the cole slaw had it been on the floor when he passed the area several minutes before the accident. The evidence indicates the cole slaw was dropped only a moment before Ms. Maryland stepped in it.
In light of this evidence, we are obligated to hold the defendant store has exculpated itself from the presumption of negligence. To hold otherwise would be to place an impossible burden on stores and would be holding them strictly liable for any slip and fall accident. Without even reaching the issue of periodic inspections (which simply raises the implication as to how long the substance has been on the floor) we hold the store was not negligent because the cole slaw had been on the floor for only a few minutes.
Perhaps our reasoning can be illustrated best in terms of causation analysis. In most cases, the lack of periodic inspections is presumed to have been a cause in fact as well as the proximate cause of the accident. Typically, one can say but for the lack of periodic inspection the foreign substance would have been discovered before passage of an unreasonable amount of time and the accident therefore would have been avoided. Under a duty-risk analysis it can easily be said a store owner has a duty to make periodic inspections to protect against the risk of having foreign substances on the floor for an unreasonable length of time. In the present case we cannot say the lack of inspection is a cause in fact of the accident. We cannot say but for the lack of periodic inspections the substance would have been discovered and the accident wouldn't have occurred. The evidence shows the cole slaw was on the floor only a few moments. Even if periodic inspections had been scheduled every half hour or every fifteen minutes the substance would not have been discovered by the time Ms. Maryland stepped in it.
For the foregoing reasons, the judgment of the trial court is reversed. Plaintiff Donna Maryland is to pay all costs of these proceedings.
REVERSED.