SHORTESS, Judge.
Miles J. Buras (plaintiff) slipped and fell on a white seedless grape which was on the produce department floor of the Bogalusa A & P store, at approximately 10:30 p. m. on a disputed day in 1979. Shortly after the occurrence, Tomas Cox, the store manager, came out of the stock room and saw plaintiff on the floor in the produce aisle.
Cox testified that plaintiff told him, “I slipped on a grape,” and showed it to him; that he saw a grape which had been mashed on the floor, at the end of skid marks; that he also saw several other grapes on the floor; and that the floor was white tile, with tan and brown flecks.
From an adverse judgment which awarded plaintiff $7,500.00 in general damages, defendant has suspensively appealed.
The only factual dispute relative to liability was the date of the accident. Plaintiff has a medical history, with numerous objective physical and mental problems, one of which is his inability to recall times and dates. Cox’s report of the accident showed that it occurred at approximately 10:30 p. m. on May 27,1979. Plaintiff testified that he thought it occurred on July 3, 1979. Plaintiff also testified that on the same night he fell, his sons took him to the Boga-lusa Charity Hospital. Dr. Romeo Hernandez saw plaintiff at this hospital on June 29, 1979, at 10:54 p. m., at which time plaintiff had back complaints from a fall at the A & P store. Notwithstanding the problem as to dates, the trial judge resolved the discrepancies in plaintiff’s favor, and we cannot say that he was clearly erroneous in so doing. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
The burden of proof shifts to the defendant to exculpate itself from liability, after plaintiff proves the presence of foreign matter on the floor which he did not see which caused him to fall and injure himself. Gonzales v. Winn-Dixie Louisiana, Inc., 326 So.2d 486 (La.1976). Both sides admitted that grapes were on the floor. Plaintiff did not see them, stepped on one, fell, and injured his back. Therefore, defendant had the duty of going forward with evidence to exculpate itself from negligence and establish that periodic inspections were made, or that other reasonable protective measures were taken.
Cox testified that he was safety captain for the store; that the safety captain’s duty was to inspect it periodically during the day and night, but he had developed no set pattern or safety routine; that the store had been mopped between 5:00 and 6:00 a. m. and was swept during the day as needed; that he came on duty at 6:00 p. m., and it had not been swept just before he arrived and was not swept after he got to work. A minimum of four to six hours elapsed, therefore, without any sweeping or cleaning of these floors. The evidence also indicated that the store was a large one, occupying over 28,000 square feet; but there were only four employees on duty at the time of the accident, and most of them were restocking shelves and making price checks. The trial judge found that the defendants had failed to rebut the presumption of negligence, and we agree with that finding based on the record, which clearly indicates that no inspections had taken place for hours preceding this occurrence.
Unfortunately, plaintiff suffers from a myriad of physical and emotional problems which pre-date his accident by many years. He had been unemployed and on Social Security disability for twelve years. Spine trouble and gastrointestinal complaints are his primary physical problems. His treating physician, Dr. Franklin *143 Hayden, describing his emotional background as a “psychiatric mess; ” testified that he suffered from wild delusions, ranging from hysteria to schizophrenia. Dr. Hernandez, who saw plaintiff on June 29, found nothing objective and only gave him medication for his pain and anxiety.
Dr. Hayden, whose deposition was introduced in evidence, first saw plaintiff in August of 1979. X-rays he took in September indicated osteo-arthritic bridging of the low back between the first and second lumbar vertebrae and ribbing of all lumbar vertebrae and a congenital defect which he described as spina bifida. On five visits from August, 1979, through October, 1979, plaintiff had many complaints, always including his back, and spasm was always noted. On November 7, Dr. Hayden hospitalized plaintiff for four days. Dr. Hayden was of the opinion that plaintiff’s pain was a result of the fall he had in the Summer of 1979 which aggravated his pre-existing spinal condition. The trial court found it:
.. . very difficult to determine to what extent the slip and fall in the A & P aggravated his pre-existing condition, but after reviewing all the evidence, the court is convinced that the sum of $7,500.00 would amply compensate for the injuries that he received to his pre-ex-isting back condition.
We have analyzed the same medical record and agree that it is difficult to determine the extent of the aggravation, but also agree that plaintiff’s pre-existing spinal condition was aggravated by this fall. The trial judge did not abuse his great discretion in his award of damages. Reek v. Stevens, 373 So.2d 498 (La.1979).
For the above reasons, the judgment of the trial court is affirmed at defendant’s costs.
AFFIRMED.