446 So.2d 1362 (1984)
Alice Fay Price Van Lieu, wife of/and Robert VAN LIEU
v.
WINN-DIXIE OF LOUISIANA, INC.
No. 83 CA 0390.
Court of Appeal of Louisiana, First Circuit.
February 28, 1984.
*1363 W. Noland Thomas, Houma, for plaintiff and appellee.
Carlos E. Lazarus, Houma, for defendant and appellant.
Before SHORTESS, LANIER and CRAIN, JJ.
SHORTESS, Judge.
Alice Van Lieu (plaintiff) and her husband, Robert Van Lieu, brought suit against Winn Dixie of Louisiana, Inc. (defendant) seeking to recover damages as a result of her slip and fall in defendant's store located on Prospect Street in Houma, Louisiana. The trial court stated: "After considering all of the witnesses' testimony, the court is convinced that a foreign substance was on the floor and was the cause *1364 of Mrs. Van Lieu's slip, fall, and injuries." The court further found that defendant failed to exculpate itself from the presumption of negligence because the court did not believe that the area where plaintiff fell had been periodically cleaned. Finding that plaintiff was not guilty of contributory negligence, the trial judge rendered judgment for her and her husband.
On February 1, 1981, at approximately 3:00 p.m., plaintiff, accompanied by Jolene Van Lieu, her six-year-old daughter, entered defendant's store to cash a check and to purchase some candy and cigarettes. They proceeded into the store and walked down an aisle between two idle cash registers. Jolene turned and approached a candy rack, and plaintiff followed her. As she approached Jolene, she slipped, fell and hit either a candy or magazine display rack near a check-out counter. As a result of the fall, plaintiff suffered a broken thumb, cervical and lumbar strains, soreness and pain in her left knee, and torn cartilage in her right knee which required surgery on two occasions.
Plaintiff testified that she slipped on a foreign substance that was clear, slick, and dirty. Both Mr. Van Lieu and Audrey Dupre, a friend of the family who was waiting in the car, testified that plaintiff's pants were wet when she came out of the store. Mr. Van Lieu additionally stated that when his wife showed him the accident site, he looked and saw a wet substance which could have been water and which covered approximately a two- to three-foot area.
Jude Duplantis, the assistant manager in charge at the time of the accident, testified that it had been raining. He stated that he had an opportunity to observe the accident site fifteen to twenty minutes before the accident and that no foreign substance was present. Duplantis was also permitted to testify that Michael Jolet, the bag boy, told him that nothing was on the floor at the place where plaintiff fell.
Jolet testified that he came on duty at 3:00 p.m. on the day of the accident. The accident report filed by Duplantis indicates that plaintiff fell at 3:15 p.m. His immediate duties were to bring the buggies in from outside and to sweep and spot mop the floor. He stated that he sweeps from the front of the aisles to the back of the store but that he never cleans between the registers until night because the registers are busy. Jolet said the floor is usually slippery on rainy days because of the water people bring in on their shoes and that drips from the buggies when they are brought in from the rain. On the day of the accident he saw a very heavy-set lady lying on the floor. He was then called to the office and told to mop the wet spot so no one else would fall. He cleaned up a slippery substance from the place where he saw plaintiff on the floor. He remembered that it had been raining that day and thought that the wet substance was just water and dirt people had tracked in from the street. Prior to the accident, he had mopped up black spots and water from other areas of the store, but he did not mop in between the registers.
Defendant says that the trial court erred in (1) finding that "no cleaning or mopping of the area in which Mrs. Van Lieu fell was done prior to Mrs. Van Lieu's fall," (2) in failing to apply the standard of Maryland v. Winn-Dixie Louisiana, Inc., 393 So.2d 316 (La.App. 1st Cir.1980), writ denied, 398 So.2d 530 (La.1981), and (3) in finding that plaintiff was not guilty of contributory negligence. The trial court's award of damages was not made an issue by either side in this appeal.
The duty of a store owner to protect customers from foreign substances is one of reasonable care under the circumstances. Reasonable protective measures, including periodic inspections, must be taken to keep the aisles and floors free of substances or objects that may cause customers to fall. Gonzales v. Winn-Dixie Louisiana, Inc., 326 So.2d 486 (La.1976); Kavlich v. Kramer, 315 So.2d 282 (La.1975).
Once plaintiff proves that a foreign substance caused the fall and injury, the presumption arises that the fall was *1365 caused by the store owner's negligence. The burden then shifts to the defendant to exculpate himself from liability. Gonzales, 326 So.2d at 488; Kavlich, 315 So.2d at 285; Buras v. Great Atlantic And Pacific Tea Company, Inc., 417 So.2d 141 (La.App. 1st Cir.1982); Maryland, 393 So.2d at 317. The owner usually exculpates himself by showing that periodic inspections were made of the floor area. However, defendant may also rebut the presumption of negligence by introducing direct evidence of a lack of constructive notice, i.e., that the foreign substance had only been on the floor for a short period of time. Maryland, 393 So.2d at 317-318.
Plaintiff testified that a wet substance was on the floor and that it caused her to slip and fall. Both Audrey Dupre and Mr. Van Lieu stated that plaintiff's pants were wet after the accident. Jolet said that he cleaned up a wet, slippery substance on the floor at the site where plaintiff had been lying. The trial judge found that a foreign substance caused plaintiff's fall. This finding was not "clearly wrong." Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Defendant contends that the presumption of negligence was rebutted by proof that periodic inspections were made. Additionally, defendant relies on Maryland for the proposition that a store owner should be relieved of liability if evidence establishes that the foreign substance was on the floor for only a brief time.
Jolet, the employee in charge of mopping at the time, testified that he only cleaned between the registers at night. Although it was Jolet's duty to sweep and mop the entire store, it is difficult to believe that he could have cleaned the entire store in the fifteen minutes that elapsed between the time he came on duty and the accident. Duplantis even testified that he did not believe that Jolet swept the entire floor. The trial judge did not believe that the area where plaintiff fell had been cleaned prior to her fall. This conclusion is not manifestly erroneous. Canter v. Koehring Company, 283 So.2d 716 (La. 1973). Although the evidence indicated certain established cleaning procedures, these were insufficient to exculpate defendant from the presumption of negligence in the instant case because the area in question was not cleaned periodically during the day, but only at night when the store was not busy.
Under Maryland, 393 So.2d at 318, a store owner may exculpate himself from the presumption of negligence notwithstanding the fact that he failed to prove that periodic inspections were made if he can establish by direct evidence that the foreign substance had been on the floor for such a short period of time that it did not have constructive notice.
The facts in the instant case do not warrant an application of the principle of Maryland, 393 So.2d at 318. In Maryland, direct evidence showed that cole slaw and its container had been on the floor only two minutes before the accident. The assistant manager testified that he passed the exact spot of the accident twice and did not see the cole slaw or the container. Although Duplantis stated that he walked past the accident site and had an opportunity to view any foreign matter on the floor, he did not say that he looked at the exact spot. Additionally, water is not as readily visible as cole slaw and a container. While two cashiers testified that they also had an opportunity to view the site, nothing in their testimony indicated that they looked at the exact spot. In fact, the record reveals that it was their duty to stand in front of the registers during slow times to look for customers and shoplifters as well as to look for foreign substances on the floor. In all probability, the wet spot did not attract their attention. Unlike the defendant in Maryland, 393 So.2d at 318, defendant here failed to produce direct evidence of its lack of constructive notice. The trial court's finding that defendant failed to exculpate itself from the presumption of negligence either by proving periodic cleanups and inspections or by proving that the slippery substance was on the floor for only a brief time was not clearly *1366 wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Defendant contends that plaintiff was guilty of contributory negligence. Although Mr. Van Lieu stated that the wet substance was clearly visible, he did not look at the spot until after plaintiff fell. At the time of her fall, plaintiff was attempting to watch her child who was distracted by the candy display. The trial court found that defendant failed to carry its burden of proving that an ordinary, prudent person would have observed the substance and avoided it. It was not clearly wrong in so finding. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
After defendant had perfected an appeal, Peter J. Abadie, Jr., attempted to intervene in this court. He alleged that he represented plaintiffs in this action from March of 1981 until October 1, 1983, when he was discharged. Intervenor sought to be compensated for the professional services he rendered as plaintiffs' attorney in this matter. The order of intervention provided, "IT IS ORDERED, ADJUDGED AND DECREED that the motion of Peter J. Abadie, Jr. to intervene be referred to merits." An intervention may be filed only while suit is pending and before judgment on the main demand. Cook v. Matherne, 432 So.2d 1039 (La.App. 1st Cir.1983); Thibeaux v. State Farm Mutual Automobile Insurance Company, 285 So.2d 363 (La. App. 3rd Cir.1973), writ refused, 287 So.2d 191 (La.1974); Louisiana Power and Light Company v. Charpentier, 165 So.2d 614 (La.App. 1st Cir.1964). We cannot authorize the filing of the intervention in this court because it was untimely.
For the above reasons, the trial court's judgment is affirmed. All costs of this appeal are taxed to defendant.
AFFIRMED.