467 So.2d 1318 (1985)
Barbara BECK
v.
BOH BROTHERS CONSTRUCTION COMPANY, et al.
No. 84-CA-555.
Court of Appeal of Louisiana, Fifth Circuit.
April 15, 1985.
*1319 Cicero & Moak, Samuel R. Cicero, Baton Rouge, for appellant.
Wiedemann & Fransen, Edmund W. Golden, New Orleans, for appellee.
Before BOUTALL, CURRAULT and GRISBAUM, JJ.
GRISBAUM, Judge.
This is an appeal by the State of Louisiana (through the Department of Transportation and Development) from a judgment in favor of the plaintiff, Barbara Beck, and against the defendant, the State of Louisiana in the sum of $65,366.01 regarding a personal injury suit. We affirm.
We are called upon to determine whether the trial court erred in finding:
(1) the State of Louisiana negligent and such negligence being the cause in fact of the plaintiff's injuries;
(2) the plaintiff was not contributorily negligent; and
(3) the plaintiff did not assume the risk of injury.
On October 6, 1981, at approximately 3 p.m. when the plaintiff, Barbara Beck, attempted to cross the neutral ground of the *1320 West Bank Expressway at Maplewood Drive, she fell and sustained a fracture of the left arm which caused problems involving her left shoulder, elbow, and hand. The area of the neutral ground was under construction by Boh Brothers Construction Company pursuant to a contract it entered into with the State of Louisiana through the Department of Transportation and Development. Named defendants were Boh Brothers Construction Company (Boh Brothers), the State of Louisiana, and the Parish of Jefferson. However, the Parish of Jefferson was dismissed and Boh Brothers settled its claim prior to trial. Thereafter, on May 25 and 29, 1984, only the matter against the State proceeded to trial. On July 19, 1984, the trial court rendered its judgment.
In addressing the initial issue, we note our jurisprudence has given us certain guidelines in exercising our standard of review. In Pickens v. St. Tammany Parish Police Jury, 323 So.2d 430 (La.1975), the Louisiana Supreme Court stated that where a defendant is found to be at fault and a defect exists in a highway, road, or street which is dangerous or calculated to cause injury, actionable negligence exists on the part of the governing authority. The Pickens court also held that no actual or constructive notice was necessary for the party to recover against the governing authority.
The duty of a governing authority to use reasonable care to keep highways, streets, sidewalks, and neutral grounds in a safe condition applies to all governing authorities, i.e., the state, parishes, and municipalities. Ishee v. State, through the Department of Transportation, 413 So.2d 1362 (La.App. 1st Cir.1982); Collins v. Parish of East Baton Rouge, 398 So.2d 602 (La.App. 1st Cir.1981); and Parkerson v. City of Shreveport, 187 So.2d 212 (La.App. 2d Cir.1966).
Our review of the record shows the following pertinent testimony: Ms. Beck testified there were no barricades or signs which would have prevented her or cautioned her from traversing the neutral ground in the area where she fell. In addition, Mr. Tony Saladino, who was the project superintendent for Boh Brothers, stated he was responsible for supervising the job and seeing it was done according to the plans and specifications submitted to Boh Brothers by the State of Louisiana through the Department of Transportation and Development. He further stated Boh Brothers would not construct the sidewalk on its own without specification for it in the plans or without the Department advising Boh Brothers the sidewalk had to be constructed. Finally, he testified that after the accident the State issued a change order to the plans which authorized Boh Brothers to construct sidewalks at the construction area in question.
More importantly, Richard Rood, who was the project engineer for the State of Louisiana, stated he was familiar with the contract between the State and Boh Brothers and that sidewalks were not originally incorporated into that contract. He further stated there was a sidewalk which Boh Brothers maintained at Peters Road and that sidewalks were added at various other locations at all streets crossing on both sides of the West Bank Expressway. Also, he confirmed that Boh Brothers would not have had authority to construct sidewalks not called for in the plans or specifications for the job. Finally, Mr. Rood testified there were signs at the construction site indicating ongoing construction work; however, under cross-examination, he acknowledged there were no signs specifically warning pedestrians not to cross the area Ms. Beck traversed nor were there signs advising pedestrians to take an alternate path or crossing. On the other hand, he stated there were several signs "out there meaning the same thing."
Additionally, Mr. A.J. Scardino, who qualified as an expert in the field of safety and ergonomics (the human factor of engineering), testified as a witness for the plaintiff. He stated he has been involved as a field safety consultant in connection with the supervision of highway construction in various areas throughout the United *1321 States. He also testified the State of Louisiana through the Department of Transportation and Development was responsible for providing a means for a pedestrian to safely traverse the area under construction. More specifically, he testified the State should have either authorized the construction of a temporary sidewalk to provide safe passage or should have provided the pedestrian with an alternate route to take.
After our review of the record and in applying our jurisprudential guidelines, we find the State of Louisiana through the Department of Transportation and Development, owed Ms. Beck a duty to use reasonable care to ensure her safety in the area of the neutral ground which she attempted to traverse. We find that the condition of the neutral ground at the time of this accident was unreasonably dangerous. The absence of any warning signs or barricades in the particular area where the accident occurred, as well as the failure of the State to provide either a temporary, alternate walkway in that particular area of the neutral ground or to ensure that an alternate route of travel was available to Ms. Beck, constituted omissions on the part of the State which resulted in a breach of that duty of care owed to her. Furthermore, we are satisfied that the omissions discussed above were a cause in fact of the plaintiff's fall and resulting injuries as the accident would not have occurred had this area of the neutral ground been properly blocked off to pedestrian traffic or had a temporary walkway and/or alternate route of travel been made available to the plaintiff by the State. Additionally, the accident which Ms. Beck sustained clearly falls within the scope of the duty breached by the State so as to impose liability on the State for its omissions.
Regarding the issue of whether the plaintiff was contributorily negligent, the evidence must show the plaintiff failed to act as a reasonable and prudent person would have in like circumstances and that such negligence was a contributing cause of the accident.
After a careful review of the record, we do not find Ms. Beck was guilty of any contributory negligence. The facts show that after getting off the bus at Maplewood Drive and the West Bank Expressway she was faced with one of two choices: (1) either attempting to cross the neutral ground in the condition in which she found it, or (2) walking in the street with traffic approaching from behind her. Her choice of attempting to traverse the neutral ground while exercising care was not an unreasonable choice given the circumstances. Additionally, she had no other alternative readily available. Therefore, we find the State failed to carry its burden of proving by a preponderance of the evidence that Ms. Beck was contributorily negligent.
In determining the final issue of whether the plaintiff assumed the risk, we are guided by our jurisprudence in Langlois v. Allied Chemical Corporation, 249 So.2d 133 (La.1971) and Parker v. Travelers Insurance Company, 400 So.2d 682 (La.App. 4th Cir.1981) which held that it must be shown by the party asserting this defense that the plaintiff fully understood the nature and extent of the risk involved and voluntarily exposed himself to it.
The determination of whether a plaintiff has "assumed the risk" is a subjective one.
Our review of Ms. Beck's testimony indicates that her awareness of the condition of the neutral ground led her to be more careful as she attempted to cross it. We also note that at the time she attempted to cross it she was wearing nurse's shoes. We also take note of the fact that this was Ms. Beck's first encounter with the neutral ground in the condition she found it and that there were no readily available alternate routes for her to travel to reach her destination.
A review of the record fails to convince us that Ms. Beck fully understood and appreciated the risk of falling as she attempted to cross the neutral ground. Accordingly, we conclude the defendant failed to prove by a preponderance of the evidence *1322 that the plaintiff assumed the risk of this accident.
For the reasons assigned, the judgment of the trial court is affirmed; all costs of this appeal are to be assessed against the appellant.
AFFIRMED.