GULOTTA, Chief Judge.
In this slip and fall case, plaintiff claims the jury erred in dismissing her suit where the evidence clearly established that she had fallen on a wet or slippery floor, thereby creating a presumption of negligence from which the defendant failed to exculpate itself. We affirm.
While we are apparently confronted with a burden of proof problem dealing with the application of the presumption of negligence, nonetheless this matter resolves itself into a question of credibility. In order for the presumption to apply, plaintiff had the burden of establishing that she fell on a wet floor or a foreign substance. In this respect, it is clear from the testimony that the jury was faced with contradictory evidence concerning the condition of the floor.
According to Pfiffner’s version of the accident, on May 18, 1983, while walking with a friend in the hallway of Touro Infirmary, she slipped and fell on a recently mopped wet floor. Pfiffner testified that before her fall she had noticed that a young man was mopping “up in the hall a little bit” when she exited an elevator. She *103 further stated that, although there were no buckets on the floor, a cart was standing by an exit door and the man was holding a mop and talking to a girl in the hallway. According to plaintiff, she was not given any warning indicating that the floor was wet. Plaintiff remembered telling her companion, Lisa Cook that the “floor sure looks shiny” and that Cook told her “y’all be careful” and that the floor “felt slippery”. Plaintiff further stated, however, that she did not feel any wetness on the floor or on her clothes after she fell.
Lisa Cook, plaintiff’s companion, also noticed a man mopping. According to Cook, after walking past the man, plaintiff fell backwards. Cook further testified that she had not noticed anything unusual about the condition of the floor earlier, but that the floor seemed wet and slippery when plaintiff fell at about 5 p.m.
Anthony Perkins, an employee of the housekeeping department of Touro Infirmary, testified that the floor was “spray buffed” on the day of the accident, but he was not aware of what happened after he left duty at 4 p.m. He stated that after waxing and buffing, the floor gave an appearance of wetness when it was actually dry.
Sharley Sutherlin, supervisor of the ICU unit at Touro, recalled that she had been standing in the ICU hallway and talking to Dr. Steven Herbert for about five or ten minutes before she saw plaintiff trip and fall. Thereafter, Sutherlin checked the floor and found no wetness or any foreign material. This witness further indicated that she had not noticed anyone mopping in the area or anything about the floor that would have caused it to be slippery. Although Sutherlin had written in her report that plaintiff was “[w]alking down hall, slipped, fell and hit back of head, ... ”, she stated that her use of the term “slipped” was a poor choice of words.
Dr. Steven Herbert, who was talking to Ms. Sutherlin in the hall, also saw plaintiff fall. He did not recall if there was any mopping going on in the area or whether he had specifically inspected the floor, but he stated that the floors were not slippery.
Dr. S.J. Locóco, plaintiff’s orthopedic surgeon, testified that Ms. Pfiffner had undergone a surgery on her fifth lumbar disc and a diskectomy in 1971, as well as surgery in 1972, more than ten years before her accident in the instant case. According to this physician, plaintiff had a prior history of complaints of her left leg giving away and causing her to fall. Dr. Lococo stated, however, that he would have made a specific note in his records if plaintiff had told him she had fallen because her leg gave way at Touro.
In slip and fall cases, the plaintiff must establish the existence of a foreign substance on the floor or some other condition causing the fall before the burden then shifts to the defendant to exculpate itself from the presumption of negligence. Gonzales v. Winn-Dixie Louisiana, Inc., 326 So.2d 486 (La.1976); Rollings v. Winn-Dixie Louisiana, Inc., 439 So.2d 1132 (La. App. 4th Cir.1983).
In the instant case, though plaintiff and her companion testified that someone was mopping in the area of the fall and that the floor felt slippery, there was no compelling evidence that there was a liquid or foreign substance on the floor or any inherent defect in its surface. Plaintiff’s description of the condition of the floor was in direct conflict with the testimony of defense witnesses. Moreover, before this accident, plaintiff had a medical history of weakness in her legs that caused her to fall. Considering this evidence, we cannot say that the jury erred in concluding that plaintiff failed to prove a prima facie case sufficient to raise a presumption of defendant’s negligence. The jury could reasonably have concluded that the condition of the floor simply did not cause plaintiff’s fall.
Under the circumstances, we cannot say that the jury erred. Accordingly, we affirm the judgment of the trial court.
AFFIRMED.