PLOTKIN, Judge.
Defendant Schwegmann Giant Super Markets, Inc. appeals an $8,765 judgment in favor of plaintiff Joan Broomfield in this case, which arose out of a “slip and fall” accident at defendant’s St. Claude Avenue store in New Orleans. Finding no manifest error in the trial court’s decision, we affirm.
Miss Broomfield testified at trial that she suffered injuries to her knee and back when she slipped in a puddle of water on Aisle 9 while shopping at the supermarket on March 19, 1984. She was eight-months pregnant at the time of the incident and initially had some pain in her lower abdomen. Her daughter was born six days after the fall, but neither the child nor the pregnancy was affected by the fall. Miss Broomfield received physical therapy and heat treatment for approximately nine months following the accident. She also took pain medication during this time.
Miss Broomfield’s story was confirmed at trial by Derrick Rankin, a Schwegmann employee who was “just around the corner” at the time of the accident. Although Rankin did not witness the fall, he stated that he heard the accident. He said he saw skidmarks and a puddle of water about the size of a “small doughnut” when he helped Miss Broomfield get up after the accident.
Terry Foy, who was working at Schweg-mann as a uniform security guard the night of the accident, testified that he took the accident report from Miss Broomfield. At trial, he testified for the defense concerning Schwegmann’s procedures for inspecting the store during the hours it was open. He stated that the store is divided into four sections and that porters and porterettes are assigned to each area to inspect the areas and enter the results of their inspections on logsheets. Security guards and porter supervisors and assistant supervisors check behind the porters and porterettes to be sure the inspections are done properly.
At trial, the defense entered a three-page log sheet which indicated that the zone of the store where Aisle 9 is located was checked 17 times between 8 a.m. and 9 p.m., when the accident occurred. The log-sheet indicated that the last inspection pri- or to the accident was conducted by Loleta Duncan at 8:50 p.m. Significantly, Ms. Duncan was not called to testify.
Under Louisiana law, when, as in the instant case, a plaintiff proves that he or she slipped and fell on a foreign substance or on a wet, damp or slippery floor in a business establishment, a presumption arises that the accident was caused by negligence on the part of the defendant business establishment. Gonzales v. Winn-Dixie Louisiana, Inc., 326 So.2d 486, 488 (La.1976); Hanzo v. Travelers Ins. Co., 357 So.2d 1346, 1348 (La.App. 4th Cir.1978). At that point, the burden of proof shifts to the defendant to present evidence that exculpates it from that presumption. Id.
In the instant case, the defendant contends that the logsheet showing the inspections admitted into evidence, combined with the testimony of Mr. Foy concerning the procedures for inspecting the store, was sufficient to overcome the presumption of negligence. The trial judge disagreed, making the following finding:
[T]he defendant store has not exculpated itself from negligence in that its periodic inspection did not discover the water on the floor nor was its inspection sufficient to insure reasonable discovery in time to permit affirmative action to eliminate the water or take preventetive [sic] measures to protect against the water, and thus exculpate itself from the presumption of negligence.
We find no manifest error in that conclusion. Under the law of this state, an appellate court may not disturb a factual determination made by a trier of fact unless it is manifestly erroneous. Arceneaux v. Do *398 mingue, 365 So.2d 1330 (La.1978); Canter v. Koehring Co., 283 So.2d 716 (La.1973).
The defendant is correct that evidence of periodic inspections is often a significant factor in exculpating a business establishment from the presumption of negligence in “slip and fall” cases. Hanzo, supra, 357 So.2d at 1349. However, the business establishment must also prove lack of constructive notice, i.e. that the substance had been on the floor only a short period of time prior to the accident. Van Lieu v. Winn-Dixie of Louisiana, Inc., 446 So.2d 1362 (La.App. 1st Cir.1984).
In the instant case, Schwegmann failed to present any testimony from the employee charged with inspecting the zone where Aisle 9 was located, relying instead on the logsheet. This business record is insufficient to rebut the presumption of negligence. In all of the cases we reviewed where the court found that the business establishment’s inspection procedures were adequate to rebut the presumption, the defendant presented testimony of an employee who actually swept or mopped in the area in question, or at least inspected the area, within a short enough period to show lack of constructive notice. The defendant’s failure to do so in this case makes the veracity of the business records suspect. Therefore, the defendant failed to meet its burden of proof and must be held liable for the plaintiff’s injuries.
For the foregoing reasons, the judgment of the trial court for $8,765 in favor of the plaintiff Joan Bloomfield and against the defendant Schwegmann Giant Super Markets, Inc. is affirmed.
AFFIRMED.