563 So.2d 312 (1990)
Mary Ann LeBLANC
v.
ALTON OCHSNER MEDICAL FOUNDATION and Ochsner Clinic Health Services Corporation.
No. 90-CA-38.
Court of Appeal of Louisiana, Fifth Circuit.
May 16, 1990.
*313 Monroe & Lemann, Benj. R. Slater, Jr., Michael R. O'Keefe, III, New Orleans, for defendant-appellant.
Lewis & Caplan, Robert A. Caplan, New Orleans, for plaintiff-appellee.
CHEHARDY, GRISBAUM and DUFRESNE, JJ.
CHEHARDY, Chief Judge.
On September 4, 1986, plaintiff Mary Ann LeBlanc sustained low back and left hip injuries when she slipped and fell on a piece of cucumber, present on the floor of a hallway corridor at Ochsner Foundation Hospital. Plaintiff prevailed in her negligence suit against Alton Ochsner Medical Foundation (AOMF), the building owner. On appeal defendant seeks a reversal of the adverse liability judgment; plaintiff seeks a quantum increase. We affirm.

FACTS
At the time of her injury, Mrs. LeBlanc was employed as a clerical worker by Foundation Federal Credit Union, a banking and savings organization run by and for the benefit of permanent AOMF employees and their dependents. The credit union office is located on the first floor of the materials management building, which is connected to the rear of Ochsner hospital. A corridor composed of white vinyl asbestos *314 tile floor, white Sheetrock-type walls and florescent overhead lights runs the length of the building. When one enters this corridor from the hospital, he encounters the credit union office to the left and the laundry to the right. Beyond that is the female locker room to the left and the maintenance and engineering department to the right. At the rear of the building is the loading dock.
At approximately 2:50 p.m. on September 4, 1986 Mrs. LeBlanc walked out of the credit union office, turned left and proceeded down the corridor in route to the water fountain. Plaintiff was carrying a cup to fill and was looking straight ahead. As she passed in front of the door accessing the laundry, Mrs. LeBlanc slipped and fell. She stated that her right leg went toward the back and she hit her knee. Her left leg went straight in the air and she fell. Plaintiff then observed a partially smashed piece of cucumber on the floor near her shoe.
Ochsner laundry room employee Gloria Terry witnessed plaintiff's fall, though she did not observe the smashed cucumber present on the floor.
Defendant produced nine trial witnesses who testified to AOMF cleaning procedures. Janitor Donald Pryor stated that he routinely "passed the dust mop" in the corridor between 7 and 7:30 a.m., after his 9 a.m. break, and at around 2 p.m. He had no memory of the cleaning procedures he employed on September 4, 1986.
Pryor's supervisor, Sterling Dede, stated that he toured the hospital facility four times a day, at 8 a.m., 10 a.m., 11 a.m. and 1 p.m. to inspect for litter, spills and dust. Assistant Manager of Evironmental Services Geraldine Mason and Supervisor of Evironmental Services Norris Yarbrough testified to making repeated daily inspections of the corridor accessing the credit union, in the latter's case more than 10 trips a day.
According to Norman Zeringue, director of evironmental services, the routine cleaning schedule called for the credit union corridor to be wet mopped between 4:30 and 9 p.m. on Wednesday. On Thursday the corridor was dust mopped and spot mopped at 8:45 a.m., 9:30 a.m., between 11 and 11:30 a.m., and between 12:30 and 1 p.m. The corridor was not cleaned again until the evening shift, 4:30 p.m. to 9 p.m.
Defense witnesses testified that employees were allowed to bring food into the materials management building from the cafeteria in the hospital. They had observed food being brought into the female locker room where tables and chairs were located. Mrs. LeBlanc testified that the maintenance and engineering department contained a refrigerator and a microwave oven for employee use.
The credit union corridor was also the main conduit for transporting supplies from the loading dock into the hospital. All employees agreed that when spills were reported to environmental services, they were promptly cleaned up.

STATUTORY EMPLOYER STATUS
Defendant never seriously contended that it employed Mrs. LeBlanc directly. Rather AOMF argued that it was plaintiff's statutory employer and thus immune from tort suit. The district judge denied defendant's summary judgment on this status issue. Defendant has preserved its objection to this ruling as an issue on appeal. We entertain this issue first because any alteration of the district court judgment would pretermit the tort suit.
LSA-R.S. 23:1032 (West 1976) stipulates that an action in compensation is the exclusive remedy of an injured employee against a principal; the statute precludes tort suit. The principal, or statutory employer, is one who undertakes to execute any work which is a part of his trade, business or occupation, and contracts with any person for the execution thereof. LSA-R.S. 23:1061 (West 1926). A lease agreement may form the basis of the contractual relationship between the principal and the contractor. Certain v. Equitable Equipment Co., 453 So.2d 292 (La.App. 4 Cir.1984). In order to be accorded the status of principal and to insulate itself from tort liability AOMF must show that the credit union's work was part of its trade, business or occupation at the time of Mrs. *315 LeBlanc's injury. Schmolke v. Krauss Company, 217 So.2d 789 (La.App. 4 Cir. 1969).
Foundation Federal Credit Union was incorporated under a federal charter in 1954. Since that time it has conducted banking and savings functions for the 2,000 hospital employees who are its members. The credit union accepts deposits, handles withdrawals and processes loan applications. It administers a payroll deduction plan whereby employees can borrow against their anticipated income and build savings. It directs the investment of funds deposited with it. The credit union's officers and directors are AOMF employees. It employs three clerical staff members, one of whom is Mrs. LeBlanc. Her job is to accept deposits and withdrawals and to verify loan applications. AOMF leases space to Foundation Federal Credit Union for an office on the first floor of the materials maintenance building and provides for utilities and telephone.
At the motion for summary judgment and on appeal AOMF argues that the interrelationship between it and the credit union and the identical nature of benefits afforded to AOMF and credit union employees require a finding of statutory employer status. We disagree.
In a "one-contract" case such as this, to gain immunity the principal must prove that the contracted-for work is within its trade, business or occupation. Berry v. Holston Well Service, Inc., 488 So.2d 934 (La.1986); compare Barnhill v. American Well Service & Salvage, 432 So.2d 917 (La.App. 3 Cir.1983). Berry has developed a three-tier analysis to resolve this fact question. The first level focuses primarily on the scope of the contract work and analyzes whether it is specialized or nonspecialized. This is determined with reference to whether the contract work requires a degree of skill, training, experience, education and/or equipment not normally possessed by those outside the contract field. If the contract work is found to be specialized it is not part of the principal's trade, business or occupation and the principal is not the statutory employer of the contractor's employee. Id. at 938.
Here the district court found that operation of the credit union required specialized skills and as such it was not within the trade, business or occupation of AOMF. We agree.
Defendant's argument that Mrs. LeBlanc's clerical duties are not specialized is misplaced. The examination is of the entire scope of the contract work, not the employee's specific task. Lewis v. Exxon Corp., 441 So.2d 192 (La.1983) on rehearing). Those employed outside the banking and investment field do not ordinarily possess the skill and experience required to administer pension plans, and to review, approve and grant financial loans. The credit union facilitates employee savings and investment. AOMF was established to promote patient care, medical education and clinical research activity. While the hospital could exist without the credit union, the credit union could not exist without the hospital. There is no manifest error in the district court finding that AOMF is not Mrs. LeBlanc's statutory employer.

LIABILITY
Having disposed of the issue of AOMF's tort immunity, we now turn to an analysis of its tort liability.
In a slip and fall suit a prima facie case is established when plaintiff shows that a foreign substance was on the floor, that he slipped and fell on the foreign substance and that he suffered injury as a result. Fitzgerald v. Gulf Intern. Cinema Corp., 489 So.2d 306 (La.App. 4 Cir.1986). Once plaintiff makes this threshold showing the burden of proof shifts to the premises owner to exculpate itself from the presumption of negligence. Brown v. Winn-Dixie Louisiana, Inc., 452 So.2d 685 (La.1984). To prove freedom from fault the business establishment must show that it exercised reasonable care for the safety of its patrons. This showing includes evidence of the enforcement of reasonable protective measures, including periodic inspections, to keep the floors free of foreign substances and debris. Carollo v. Shoney's *316 Big Boy Enterprises, 433 So.2d 803 (La.App. 5 Cir.1983).
In oral reasons for judgment the district court found as a matter of fact that Mrs. LeBlanc slipped and fell on a piece of semi-transparent cucumber, present on the corridor floor. On appeal AOMF does not challenge this ruling on cause-in-fact. Rather defendant takes issue with what it perceives is an overbroad application of the duty of care owed.
We agree with defendant's reasoning that Kavlich v. Kramer, 315 So.2d 282 (La.1975), should not be applied to the extent that it imposes an increased duty on AOMF. This elevated standard of care is, for policy reasons, imposed on certain classes of business proprietors such as merchants, to protect their patrons. See generally Entrevia v. Hood, 427 So.2d 1146 (La.1983). The rationale is that the store owner entices and distracts the customer to gain a profit. Kavlich, 315 So.2d at 284; see, Bordelon v. Wendy's of New Orleans, 553 So.2d 922 (La.App. 4 Cir. 1989). However, there is no evidence here that the district judge applied this elevated standard. Rather it is clear that he analyzed the case under the standard of reasonable care that a hospital owes to its visitors, and owed to Mrs. LeBlanc, defendant's lessee' employee. Bordelon v. Southern La. Health Care Corp., 467 So.2d 167 (La.App. 3 Cir.1985); Cates v. Beauregard Electric Cooperative, Inc., 328 So.2d 367 (La.1976).
Contrary to defendant's assertion, we do find that Kavlich and its progeny govern to the extent that they require the premises owner to exculpate itself from the presumption of negligence. This evidentiary burden is not limited to convenience stores. Pfiffner v. Touro Infirmary, 529 So.2d 102 (La.App. 4 Cir.1988). The critical inquiry on rebuttal is whether the premises owner took reasonable steps to fulfill its two-fold duty to discover and correct dangerous conditions reasonably anticipated in its business activity. Brown, 452 So.2d at 687.
AOMF operated its facility 24 hours a day. The majority of its employees work on a shift schedule. Employees were routinely allowed to transport food, brought either from outside of the facility or from the hospital cafeteria, through the corridor, for consumption in the credit union office, the female locker room or the maintenance and engineering department. AOMF condoned this practice and placed no limitation on it.
The credit union corridor was dust mopped each day three times in an eight-hour period, between 7 a.m. and 2 p.m. Yet despite the fact that the corridor was a major artery within the hospital facility no cleanup or inspection was routinely conducted between 2 p.m. and as late as 9 p.m.
Evidence produced by AOMF was insufficient to rebut the presumption of negligence Broomfield v. Schwegmann Giant Super Markets Inc., 537 So.2d 396 (La. App. 4 Cir.1988). In view of the circumstances the district judge found that defendant had breached the duty to exercise reasonable care for Mrs. LeBlanc's safety by correcting reasonably anticipated hazards, and that she was injured as a result. There is no manifest error in this factual determination. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
AOMF assigns error in that the district court failed to assess a percentage of comparative fault against Mrs. LeBlanc.
A pedestrian is held to have seen those obstructions in his pathway which would be discovered by a reasonably prudent person exercising ordinary care under the circumstances. Comparative negligence is plaintiff's substandard conduct that causes or contributes to the accident. Beck v. Boh Bros. Const. Co., 467 So.2d 1318 (La.App. 5 Cir.1985), and see Watson v. State Farm Fire and Cas. Ins. Co., 469 So.2d 967 (La.1985). There is absolutely no suggestion that anyone could have distinguished the presence of a cream-colored piece of cucumber on a white tile floor or that Mrs. LeBlanc failed to exercise due care for her personal safety in walking down the corridor. This assignment of error has no merit.

*317 QUANTUM
In answer to appeal plaintiff sought an increase in future economic losses and an award for loss of fringe benefits and loss of household services. These issues were not briefed and are deemed abandoned. Uniform RulesCourts of Appeal, Rule 2-12.4.

DECREE
For the foregoing reasons, the district court judgment in favor of Mary Ann LeBlanc and against Alton Ochsner Medical Foundation, in the sum of $230,919.31, together with legal interest from the date of judicial demand until paid, all costs and expert fees, is affirmed.
The grant of lien in favor of Cumis Insurance Society, Inc., the worker's compensation insurer of Foundation Federal Credit Union in the amount of $49,587.91 to date of judgment, subject to the reservation of rights obtained in the stipulation between the parties reserving certain rights to assert offsets or credits, is affirmed.
Costs of the appeal are assessed against defendant.
AFFIRMED.