11WARD, Judge.
Leroy and Elvira Simoneaux sued Humana Hospital for damages he sustained in a slip and fall at the Hospital. Humana denied liability and pled Simoneaux’s contributory and comparative negligence as a defense. The jury found Humana liable and awarded Leroy Simoneaux $387,000 in damages, which was later reduced by the trial court to conform with the evidence.[1]
Humana has appealed and now argues the jury erred by finding it negligent, by awarding excessive damages, and by failing to find Leroy contributorily negligent. Humana also argues the trial court erred in evidential rulings.
Leroy and Elvira Simoneaux have answered the appeal. He seeks an increase in damages; she seeks damages for loss of consortium. We affirm in part and amend in part to award damages to Elvira Simoneaux for loss of consortium.
Trial testimony indicated that on January 6, 1990, as Leroy Simoneaux entered the men’s bathroom from the lobby of Humana Hospital he noticed water spots on the floor in several places — some in front of the urinals, others on the floor in the stalls. Simo-neaux ^testified that the lighting was not working to capacity and there was no warning of any substance on the floor. He attempted to avoid the puddles as much as possible in using the facilities but stated it was impossible to do so. When exiting the bathroom, as he stepped onto the lobby floor his feet slipped out from under him in a “banana split” fashion. He attempted to avert the fall and landed on his right arm. *320 After the fall, he noticed water on his pants’ leg and he felt lower back pain.
He reported the incident to hospital personnel and proceeded to the emergency room for treatment. The doctor on duty examined him, took x-rays, gave him a “couple” of prescriptions for pain and diagnosed his condition as a “lumbar strain.” The doctor recommended that he seek additional medical attention if the pain persisted.
Simoneaux offered the corroborating testimony of his ten year old daughter who saw him fall. Although his wife did not actually witness her husband’s fall, she also corroborated his testimony as to his wet clothing and his injury.
Chris Howard, a Humana maintenance engineer, testified that he took a statement from Simoneaux in the emergency room and inspected the bathroom after the incident. He said he found nothing on the floor in front of the bathroom but he did notice liquid in front of the urinals and beneath the urinals on the floor. Mr. Howard told the court that he inspected the bathroom and found nothing leaking and he therefore presumed someone had “missed” the urinal.
In its first assignment of error, Hu-mana contends that the jury’s response to interrogatories are inconsistent and warrants a reversal of the finding of liability. Humana finds inconsistency in the jury’s response to the interrogatories wherein in one response the jury said Humana was negligent in failing to inspect and clean the bathroom within a reasonable period of time before the accident while in another response the jury said that there was not an unreasonably dangerous and/or hazardous condition on the premises. Humana argues that the inconsistency precludes a finding of negligence. We disagree.
Mr. and Mrs. Simoneaux alleged a defective toilet leaked, creating an unreasonably dangerous or hazardous condition, contending Humana was strictly liable for because it had ‘garde’ of the toilet. The evidence was considered by the jury, and |gundoubtedly persuaded by Mr. Howard’s testimony, the jury found that there was not an unreasonably dangerous condition, — the toilet was not defective. Nonetheless, there was evidence of Humana’s failure to clean up the floors, a matter of negligence, not a defect in a thing over which Humana had control, and the jury could well find negligence even if there was not a defective toilet.
In a slip and fall suit a prima facie case is established when plaintiff shows that a foreign substance was on the floor, that he slipped and fell on the foreign substance and that he suffered injury as a result. Fitzgerald v. Gulf Intern. Cinema Corp., 489 So.2d 306 (La.App. 4 Cir.1986). Once plaintiff makes this threshold showing, the burden of proof shifts to the premises owner to exculpate itself from the presumption of negligence. Pfiffner v. Touro Infirmary, 529 So.2d 102 (La.App. 4 Cir.1988). To prove freedom from fault, the business establishment must show that it exercised reasonable care for the safety of its patrons. This showing includes evidence of the enforcement of reasonable protective measures, including periodic inspections, to keep the floors free of foreign substances and debris. Carrollo v. Shoney’s Big Boy Enterprises, 433 So.2d 803 (La.App. 5 Cir.1983). A slip and fall in a hospital caused by a foreign substance on the floor is not a claim for malpractice, but a claim for negligence. See, e.g., LeBlanc v. Alton Ochsner Medical Found., 563 So.2d 312 (La.App. 5 Cir.1990).
Although Mr. Simoneaux and Chris Howard offered contradictory testimony concerning the condition of the entrance to the toilet and the bathroom floor, the jury obviously credited Simoneaux’s testimony and found that there was a foreign substance on the floor which in fact caused his fall.
Once Mr. Simoneaux established that he fell, the burden shifted to Humana to exculpate itself by showing it took reasonable precautions. Humana failed to present any evidence that its employees cleaned or inspected the bathroom or the area in front of the bathroom on the day of the incident.
We find no error in these findings of fact or the jury’s conclusion.
In a second assignment, Humana argues the jury erred in not finding Mr. Simo-neaux contributorily negligent, because Mr. *321 Simoneaux’s testimony shows he observed |4the hazardous condition of the bathroom floor and yet encountered that hazard voluntarily. Humana contends he slipped and fell through his own carelessness.
Simoneaux stated that upon entering the bathroom he saw “water spots in several places” on the floor. He “dodged” as much of the water as he could but stepped in some “when [he] got in front of the urinal” ... “[bjecause [he] didn’t have any choice, it was there. You had to step in it to get to the urinal.” He testified that the lighting was inadequate, no sign warned of the presence of water on the floor and the floor was a light colored tile. Simoneaux- did not note the presence of water outside the bathroom because “[he] wasn’t looking for any.”
Allocation of comparative fault is a factual matter lying within the discretion of the fact finder and will not be disturbed unless manifestly erroneous. Scamardo v. New Orleans Stevedoring Co., 595 So.2d 1242 (La.App. 4 Cir.1992). Under the facts of this ease we find no manifest error in the jury’s allocation of fault solely to Humana.
Humana’s next assignment charges error in the trial court’s refusal to allow Mrs. Shirley Trout, Simoneaux’s next door neighbor, to testify. Humana moved to add her as a witness the day before trial. The trial court refused Humana’s request and Huma-na proffered her testimony which in essence contradicted Simoneaux’s assertions that his back injury disabled him.
Mrs. Trout stated that Humana’s investigator had approached her about testifying approximately two months before trial. She told the investigator that Mr. Simoneaux was her next door neighbor. She also admitted that she and the investigator were friends. Humana was apprised of this witness’s existence well in advance of trial. Humana could have sought to list her as a witness at least two months before trial. The trial judge has great discretion in such matters and it is only upon a showing of gross abuse of discretion that appellate courts intervene. Harris v. West Carroll Parish School Board., 605 So.2d 610 (La.App. 2 Cir.1992), writ denied, 609 So.2d 255. We do not find that abuse here.
Next, Humana argues that the trial court erred in refusing to admit evidence of Simoneaux’s prior criminal activity. Huma-na maintains this evidence was to be offered sto rebut Simoneaux’s claim of depression. The evidence consisted of a felony conviction twenty years before the accident and a misdemeanor conviction of uncertain date. La. C.E. article 609 section B bars proof of a felony conviction more than ten years old, and section A(l) bars proof of misdemeanor convictions. However, Humana argues that the trial court erred because it offered the proof not to attack Simoneaux’s credibility but to show that his depression was caused by loss of self esteem stemming from the convictions rather than from accident caused injuries. That argument is not persuasive. La.C.E. article 403 gives great discretion to the trial court to exclude evidence, even when relevant, if its probative value is substantially outweighed by the danger of unfair prejudice or confusion of the jury. The trial court’s decision here was well within its discretion.
Both Humana and Leroy Simoneaux contest the jury’s award of general damages. We find the jury award was not an abuse of its vast discretion. Simoneaux underwent neck surgery in the form of a C5-6 cervical discectomy and fusion performed by Dr. Cor-rea. The surgery necessitating Simoneaux’s wearing a Philadelphia collar for over eight months. Dr. Correa assigned a 24% whole-body disability due to the neck injury. Because Simoneaux’s lower back pain persisted, he sought treatment from Dr. Kenneth Vo-gel, a neurosurgeon. After an MRI and lumbar discogram CAT scan, Dr. Vogel recommended lumbar surgery. He performed a two-level laminectomy, L4-5 and L5-S1 lateral decompression for spondylosis, and a medial branch neurotomy at L4-5 and L5-S1 bilaterally. Simoneaux underwent a short duration of physical therapy but returned to Dr. Vogel on January 7, 1993, complaining of “lumbosacral and bilateral hip pain with intermittent right anterior leg pain. There had been no intervening injuries. On February 17, 1993, Dr. Vogel performed a four- *322 level lumbar medial branch neurotomy, L2-3, L3-4, L4-5, and L5-S1, bilaterally, giving a post-operative diagnosis of lumbar instability with lumbar facet arthropathy. Dr. Vogel assigned a “10 to 15 percent permanent, partial, total body medical impairment” due to the back and recommended avoiding activities requiring him to lift, push, or pull greater and 50 pounds or bend repeatedly on a permanent basis. At trial, Simoneaux reported that his back still hurt him and his hip had started hurting. The |firecord supports the jury verdict, and we cannot say the jury’s award of $150,000 for general damages was either abusively high or unreasonably low.
In separate assignments, Simoneaux seeks an increase of the awards for past and future lost income, while Humana argues for a reduction. The jury awarded Simoneaux $25,000 for past loss wages and $112,000 for future lost wages. The evidence shows that for a number of years prior to the accident Simoneaux was a tractor-trailer driver. He also maintained his own fishing lure manufacturing business. He testified that tractor-trailer driving involves stooping and lifting of heavy objects and extended periods of sitting, as does his fishing lure business, all activities which are now prohibited by his injuries. The evidence indicates that in 1988 the business produced gross sales in the amount of $38,233.07 and $17,525.00 in 1989. Mrs. Simoneaux explained the drop in sales was occasioned by a fire which destroyed materials used in making the various types of fishing lures.
Humana relies on copies of the Mr. & Mrs. Simoneaux’s tax returns indicating that for the business year 1990 they reported a business loss of only $2,910.00 and reported a profit of $6,496.00 on their 1991 tax return. Humana argues this information negates Si-moneaux’s demand for lost past wages.
According to his experts, if not for his injuries Mr. Simoneaux would earn as an over-the-road trucker an annual income of at least $25,000. Assuming such an income and a 7-1/2% discount factor, Simoneaux’s expert, Melville Wolfson, stated Simoneaux lost $305,907.00 in future income as a result of the accident.
Humana offered the testimony of Cynthia Howletb-Willis, an expert in business and medical economies. She reviewed Simo-neaux’s medical records and tax records. Based upon this review, Ms. Howletb-Willis concluded that Simoneaux would not suffer future lost wages.
The jury heard the testimony of the experts and declined to accept the testimony of any expert in its entirety. The fact finder’s choice is not manifestly erroneous or clearly wrong, and it will not be disturbed. Rosell v. ESCO, 549 So.2d 840 (La.1989). We find no error.
|7Mrs. Simoneaux correctly argues that the jury erred when it denied her claim for loss of consortium. Mrs. Simoneaux’s testimony indicated that the couple’s marital life had been affected adversely since the accident. She explained that her husband is unable to do the most basic chores around the house and is constantly depressed, worrying about finances and bills. They had been married 29 years. On the showing made, it was error for the jury to fail to award Mrs. Simoneaux damages for loss of consortium. We reverse the jury’s finding on this issue and award Mrs. Simoneaux $5,000.00.
Finally, Mr. Simoneaux contends the trial court erred in reducing his medical expense award from $100,000 to $67,280.00. On Humana’s motion the court reduced the medical award to exclude any sums for future medical. Mr. Simoneaux maintains he made a sufficient showing to justify such an award. We disagree.
Future medical expenses must be established with some degree of certainty. Awards for future medical expenses must be supported with medical testimony and estimation of probable costs. Smith v. Two R Drilling Co., Inc., 606 So.2d 804 (La.App. 4 Cir.1992) citing Gaspard v. Breaux, 413 So.2d 288 (La.App. 3rd Cir.1982).
The only medical testimony elicited at trial concerning Simoneaux’s need for future medical care came from Dr. Vogel. On direct examination about Simoneaux’s need for physical therapy Dr. Vogel responded: “I would not think that he would have any *323 chance of being able to get by without the therapy”. However, there was no testimony regarding the probable cost of said therapy, and we find no error in the trial court’s action
For the foregoing reasons, we amend the jury’s award to include an amount of $5,000 for Mrs. Simoneaux’s loss of consortium. In all other respects, the judgment is affirmed.
AMENDED IN PART; AFFIRMED IN PART.

. On defense motion the court later reduced the award for medical expenses in conformity with-the evidence introduced at trial.